■    In the Matter of GEORGE TRAVIS, Petitioner, v PEEKSKILL HOUSING AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78, *inter alia,* to review respondent's determination dated September 11, 1978, made after a hearing, insofar as it found petitioner guilty of certain misconduct and imposed a penalty. Petition granted and determination annulled insofar as reviewed, without costs or disbursements, except that petitioner's requested reinstatement is dependent upon the determination by the Public Employment Relations Board concerning the abolition of the position previously held by petitioner; respondent is directed to pay petitioner his salary for the period of his suspension less any amount of compensation the petitioner may have earned in other employment or occupation during that period. Petitioner was charged with several instances of neglect in performing his duties as a maintenance-laborer in respondent's employ. After a hearing one charge and part of another were dismissed. With respect to the sustained charges, petitioner was penalized by imposition of a 60-day suspension without pay. At a meeting held on September 11, 1978, the respondent, by resolution, upheld the findings against petitioner; also, it abolished petitioner's position of maintenance-laborer. At the end of the suspension, petitioner was given his vacation time, and, at its end, the abolition of his position was effected. To the extent the respondent upheld the hearing officer's determination sustaining the charges against petitioner we annul the determination for insufficient evidence of neglect or misconduct. Specifically, *res judicata* barred the hearing and determination in September, 1978 on the charges arising out of petitioner's tardiness in commencing work on March 10, 1976, and his failure to report when instructed to do so on the night of March 12, 1976, since by a resolution in March, 1976 respondent had reprimanded petitioner for this conduct and had imposed a one-day suspension, to be levied in the discretion of his superior. The alleged neglect of duty on December 21, 1977, when petitioner was observed by his superior at a shopping mall during working hours, appears to have been so minimal as not to arise to chargeable misconduct, considering both the duration of his absence and the tolerance of such conduct apparent from facts adduced by his superior's testimony *(Matter of McHugh [Levine],* 47 AD2d 676). Neglect of duty also was alleged to have occurred on May 18 and 19, 1978 when inspections of the premises for which petitioner was responsible showed unremoved litter, and, when, on the later date, petitioner could not

be located at the work site. However, the evidence adduced failed to establish such neglect. We note in this regard respondent's failure to produce any documentary evidence refuting petitioner's claim that the later date was an approved personal day, notwithstanding respondent's assertion that such records were kept. Finally, the charge that petitioner neglected his duties, arising from damage to his apartment disclosed by an inspection at the end of his five-year tenancy, was unsupported by any evidence tending to establish that the alleged damage was unreasonable and disproportionate to the tenancy, or that it constituted a neglect of a duty inherent in the scope of petitioner's employment. Therefore, insofar as reviewed, we hold that respondent's determination failed to meet the requisite standard in that it was not supported by substantial evidence (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.