■ In the Matter of ALBERT S. BYNOE, JR., Petitioner, v BERNARD M. WEINSTEIN, as Commissioner of Hospitals of the County of Westchester, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Hospitals of the County of Westchester dated April 11, 1980, which dismissed petitioner from his employment with the Westchester County Medical Center. Determination confirmed and proceeding dismissed on the merits, with costs. The various memoranda placed in petitioner's personnel file were not administrative adjudications of disciplinary charges and thus did not bring into play the doctrine of *res judicata* (cf. *Matter of Travis v Peekskill Housing Auth.*, 72 AD2d 818). We note that petitioner was employed as a senior dietary aide in a geriatric facility. In view of the fact that elderly and infirm persons may suffer as a result of the excessive absences and lateness of staff members, and that petitioner had received many warnings, we do not find the administrative penalty imposed by the county commissioner of hospitals to be so disproportionate to the offense as to shock one's sense of fairness (see *Matter of Pell v Board of Educ.*, 34 NY2d 222). We find no merit to petitioner's claim with respect to the transfer of the proceeding to this court. Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.

■ In the Matter of FRANCISCO CARDONA, JR., by FRANCISCO CARDONA, SR., His Father and Natural Guardian, et al., Appellants, v CITY OF NEW YORK et al., Respondents. — In a proceeding for leave to file a late notice of claim, petitioners appeal from an order of the Supreme Court, Kings County (Kartell, J.), dated April 10, 1980, which granted respondents' motion, designated as one for "reconsideration, and renewal" of a prior order of the same court, dated November 3, 1977, which prior order had, *inter alia*, granted leave to the petitioners to serve a late notice of claim upon the respondents, and upon renewal, "rescinded" its original order and denied petitioners' application to file a late notice of claim. Order reversed, on the law, with $50 costs and disbursements, and respondents' motion is denied as untimely. Respondents' motion for "reconsideration, and renewal" was, in reality, a motion for reargument, no new matter having been presented which was unavailable to respondents prior to the order dated November 3, 1977 (see *Matter of Samson v County of Nassau*, 78 AD2d 657). As such, the motion was clearly untimely since a motion for reargument may not be made after the time to appeal from the original order has expired (cf. *Matter of Huie [Furman]*, 20 NY2d 568, 572; *Foley v Roche*, 68 AD2d 558, 568). Mollen, P. J., Damiani, Gulotta and Cohalan, JJ., concur.