■ RUTH SOMERS, as Executrix of NORMAN SOMERS, Deceased, Respondent, v SAM J. GOLDSTEIN, Also Known as SAMUEL J. GOLDSTEIN, Appellant, and BANK OF NEW YORK et al., Defendants. — In an action for the imposition of a constructive trust on a mutual fund account, Sam J. Goldstein, the designated beneficiary of said account, appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated August 9, 1983, which, after a nonjury trial, was in favor of plaintiff.

Judgment affirmed, without costs or disbursements, for reasons stated in the opinion of Justice Kassoff. Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.

■ WOODSIDE ESTATES CIVIC ASSOCIATION, INC., Appellant, v TOWN OF BROOKHAVEN et al., Respondents. — In an action for a judgment declaring the invalidity of an ordinance of the respondent town changing a building zone, plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated July 19, 1983, which, after a trial, dismissed the complaint.

Judgment modified, on the law, by adding thereto a provision declaring that the ordinance in question is valid and dismissing the plaintiff's complaint in all other respects. As so modified, judgment affirmed, with one bill of costs to respondents.

Special Term erred in dismissing plaintiff's complaint without declaring the rights of the parties (*Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74, cert den 371 US 901).

Plaintiff's receipt of actual notice of, and its appearance at, the public hearing constituted a waiver of the requirement that notice be given in strict accordance with the Code of the Town of Brookhaven (see *Avelli v Town of Babylon,* 54 Misc 2d 662; *North Shore Beach Prop. Owners Assn. v Town of Brookhaven,* 115 NYS2d 670). Weinstein, J. P., Brown, Boyers and Eiber, JJ., concur.