concededly have been a simple matter. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.

■ In the Matter of HARRI P. RUPNARINE, Petitioner, v RICHARD KOEHLER, as New York City Correction Commissioner, et al., Respondents.—Determination of the respondent Correction Commissioner of the City of New York, rendered August 11, 1989, which terminated petitioner's employment as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Francis Pecora, J.], entered on Nov. 14, 1989) is dismissed without costs or disbursements.

We find that there was substantial evidence in the record, based on the testimony of three of the Department's witnesses, to support the Commissioner's determination that petitioner, on June 4, 1989, wrongfully engaged in conduct unbecoming of an officer when he masturbated in the presence of a female correction officer and two inmates, and subsequently submitted false and misleading written reports with respect to the incident in question.

In view of the nature of petitioner's misconduct and his employment record, which, in the two years since his appointment as a correction officer indicates that he received a corrective interview for punctuality and attendance problems, we find the penalty imposed was not so disproportionate to the offenses as to be shocking to one's sense of fairness. Further, we find no merit to petitioner's contention that the Hearing Officer reached a predetermined conclusion of petitioner's guilt prior to the hearing on the departmental charges. Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.