In the Matter of the COUNTY OF SUFFOLK, Appellant, v HAROLD R. NEWMAN et al., Respondents, and SUFFOLK COUNTY ASSOCIATION OF MUNICIPAL EMPLOYEES, INC., Intervenor-Respondent.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Public Employment Relations Board, dated March 28, 1989, made after a hearing, as, upon finding that the petitioner County of Suffolk committed an improper labor practice, directed the County to (1) rescind that part of the memorandum issued by its Commissioner of Real Estate to employees in its Department of Real Estate, as required those employees having real estate licenses to surrender their licenses to the County, and (2) return to the employees any licenses surrendered.

Adjudged that the determination is confirmed insofar as reviewed, and the proceeding is dismissed on the merits, with one bill of costs to the respondents and the intervenor-respondent appearing separately and filing separate briefs, the counterclaim for enforcement is granted, and the petitioner is directed to comply with the determination, dated March 28, 1989.

The principal question to be determined is whether the record contains substantial evidence to support the determination of the respondent New York State Public Employment Relations Board (hereinafter PERB) that the petitioner Suffolk County (hereinafter the County) committed an improper labor practice when its Commissioner of Real Estate issued a memorandum to employees in the Department of Real Estate, requiring those employees having real estate licenses to surrender the licenses to the County, without the negotiation of such a term of employment with the employees' union representative.

It is well established that in order to annul an administrative determination rendered after a hearing, a court must conclude that the record lacks substantial evidence to support that determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140). "A reviewing court in passing upon this question of law * * * should review the whole record to determine whether there exists a rational basis to support the findings upon which the agency's determination is predicated" *(Matter of Purdy v Kreisberg,* 47 NY2d 354, 358; *see,* CPLR 7803 [4]). Where an agency's determination is supported by substantial evidence, it is beyond judicial review, and a reviewing court

may not " 'weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " *(Matter of Collins v Codd,* 38 NY2d 269, 271, quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 267; *see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Our scope of review is further restrained in matters where PERB, the agency charged with implementing the fundamental policies of the Taylor Law, addresses whether matters are subject to collective bargaining *(see, Matter of Board of Educ. v New York State Pub. Employment Relations Bd.,* 75 NY2d 660, 666). In these cases, the Board "is presumed to have developed an expertise and judgment that requires [this court] to accept its [findings] if not unreasonable" *(Matter of Incorporated Vil. of Lynbrook v New York State Pub. Employment Relations Bd.,* 48 NY2d 398, 404).

At the administrative hearing herein, there was evidence that the practice of private real estate brokers in holding the private licenses of employees of the County Department of Real Estate raised questions of conflict of interest and apparent violations of the County's Code of Ethics. However, the County failed to establish that the surrender of such licenses to the County was the only available method to enforce its ethical concerns. Instead, contrary to the County's contentions, the record indicates that there were several alternative means to (1) uncover employee conflicts, such as by the audit and investigation of department employees holding such licenses, and (2) deal with any violations, such as by disciplinary proceedings. Moreover, the surrender of licenses was properly found to be a new term of employment, which was a proper subject for negotiation. Therefore, the Board's determination that the Commissioner's directive was an improper labor practice is confirmed. Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.