■ In the Matter of ERNEST JEREMIAS et al., Petitioners, v ELLIOT G. SANDER, as Deputy Commissioner of the New York State Division of Housing and Community Renewal, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Deputy Commissioner of the New York State Division of Housing and Community Renewal, dated April 4, 1989, which, after a hearing, *inter alia,* found that the petitioner landlords had harassed their tenants, and imposed civil penalties.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Following an administrative hearing, the respondent Deputy Commissioner of the New York State Division of Housing and Community Renewal (hereinafter DHCR) adopted the findings of its hearing officer and determined that the petitioners willfully violated the Administrative Code of the City of New York § 26-516 and selected provisions of the Rent Stabilization Code (9 NYCRR 2522.5, 2524.1, 2525.1, 2525.2, 2525.4, 2525.5 and 2526.2), and imposed civil penalties.

It is well settled that an impartial decision maker is an essential component of due process *(see, Withrow v Larkin,* 421 US 35, 46-47; *Matter of Warder v Board of Regents,* 53 NY2d 186, 197; State Administrative Procedure Act § 303; *see also, Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158). Thus, "a determination based not on a dispassionate review of facts but on a body's prejudgment or biased evaluation must be set aside (see *Matter of Rotwein [Goodman],* 291 NY 116, 123). But a mere allegation of bias will not suffice. There must be a factual demonstration to support the allegation and proof that the outcome flowed from it" *(Matter of Warder v Board of Regents, supra,* at 197; *see also, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833). We can find no factual support for the petitioners' allegation of bias.

The petitioners' contention that the Deputy Commissioner's determination was not supported by substantial evidence is without merit. "Where there is a conflict in the testimony

produced * * * where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" *(Matter of Stork Rest. v Boland,* 282 NY 256, 267; *Matter of Berenhaus v Ward,* 70 NY2d 436; *see also, Matter of Hoover v Waters,* 119 AD2d 575, 576). We find no basis for disturbing the Deputy Commissioner's determination. Mangano, P. J., Bracken, Lawrence and O'Brien, JJ., concur.