■ In the Matter of EDNA LAWRENCE, Petitioner, v BERNARD M. WEINSTEIN, as Commissioner of Hospitals of the County of Westchester, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of Bernard M. Weinstein, Commissioner of Hospitals of the County of Westchester, dated February 1, 1990, which, after a hearing, dismissed the petitioner from her position as a Special Attendant III.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of County of Suffolk v Newman,* 173 AD2d 618). We find the petitioner's contention that the Commissioner's determination was not

supported by substantial evidence to be without merit. The testimony of the abused patient established the facts necessary to sustain the charge of misconduct and/or incompetence against the petitioner. The Hearing Officer, before whom the witnesses appeared, decided to credit the testimony of the patient and reject that of the petitioner. In such a case, a reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Jeremias v Sander,* 177 AD2d 488).

The penalty of dismissal was not so disproportionate to the offense committed "as to be shocking to one's sense of fairness" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.