■ In the Matter of VINCENT GATTO, Petitioner, v PATRICIA B. ADDUCI, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination by the respondent Commissioner of Motor Vehicles of the State of New York, dated December 5, 1989, which, after a hearing, revoked the petitioner's motor vehicle operator's license because of his refusal to submit to a chemical analysis of his blood following his arrest for driving while impaired.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The determination of the respondent Commissioner of Motor Vehicles of the State of New York to revoke the petitioner's driver's license was supported by substantial evidence. Substantial evidence is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). At the hearing, the Administrative Law Judge had to determine the credibility of the witnesses. In such an instance, where room for choice exists, it is beyond the scope of the reviewing court to weigh the

evidence or reject the choice made by the administrative agency *(see, Matter of Stork Rest. v Boland,* 282 NY 256, 267; *see also, Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Jeremias v Sander,* 177 AD2d 488).

The testimony of the arresting officer supported the finding that he had reasonable grounds to believe that the petitioner was driving while intoxicated, and that after being given the appropriate warnings, the petitioner refused to submit to a blood test in violation of Vehicle and Traffic Law § 1194 *(see, Matter of Shaw v Passidomo,* 123 AD2d 768; *Medico v State of New York, Dept. of Motor Vehicles,* 111 AD2d 374). Additionally, although the petitioner denied that he refused to submit to a blood test, or even that he was requested to submit to one, the Administrative Law Judge was not required to accept his account of the events *(see, Medico v State of New York, Dept. of Motor Vehicles, supra).* There is no evidence in the record to support the petitioner's allegation that the Administrative Law Judge prejudged the facts *(see, Matter of Jeremias v Sander, supra).* Bracken, J. P., Sullivan, Lawrence and Ritter, JJ., concur.