■ In the Matter of ANTHONY BERTOLDI, as President of the New York State Court Clerks Association, Appellant, v PAULINE R. KINSELLA et al., Constituting the New York State Public Employment Relations Board, Respondents, and NEW YORK STATE UNIFIED COURT SYSTEM, Intervenor-Respondent.—Determination of respondent New York State Public Employment Relations Board (PERB), dated December 3, 1991, that intervenor-respondent Unified Court System (UCS) did not violate Civil Service Law (Public Employees' Fair Employment Act [the Act]) § 209-a (1) (a) and (c) by requiring two officers of petitioner New York State Court Clerks Association (Association) to report to work or lose their promotions to the title Associate Court Clerk, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Kristin B. Glen, J.], entered February 7, 1992), is dismissed, without costs.

Petitioner Association contends that respondent UCS violated the Act in directing the Association's two vice-presidents, Martin Meany and Robert Olivari, both of whom were

on full-time, full-pay employee organizational leave, to report to work for a 52-week probationary term or lose their promotions from the title Senior Court Clerk to the title Associate Court Clerk. Although the Rules of the Chief Judge require that those promoted serve a probationary term of not less than 12 nor more than 52 weeks, and that a written report be made by the appointing authority regarding the probationer's service (Rules of Chief Judge [22 NYCRR] § 25.22 [a] [2], [5] [iii]), petitioner maintains that UCS's application of these rules to Meany and Olivari was motivated by anti-union animus.

PERB's determination is supported by substantial evidence *(see, Matter of County of Suffolk v Newman,* 173 AD2d 618), and should therefore be confirmed. Of course, the fact that the Association and UCS had a "stormy" relationship does not in itself indicate bias. Rather, as PERB found, UCS's Director of Employee Relations, who made the order to report to work, was motivated by a desire to enforce the rules of the Chief Judge. While these rules had not been implemented in a uniform way, there is no dispute that service of some probationary period, of either 12 or 52 weeks, was required. There is no evidence that UCS's Director played any part in deciding that Meany and Olivari should serve maximum probationary terms. Moreover, a significant number of courts (at least four out of the nine on the chart prepared by petitioner) required a 52-week probationary term as opposed to a 12-week term.

Since UCS's Director was not aware of two prior incidents where employees on organizational leave were not required to serve probationary terms, again, no anti-union animus was demonstrated. Nor do these two instances establish a policy on the part of UCS to waive a probationary period for employees on organizational leave. To the extent that employees on other types of leave, such as maternity leave, were not required to report to work until the end of their leave, as PERB found, the situation is entirely different given that the duration of such leave is finite, not indefinite as is the case with organizational leave, and that the employee on such leave does not receive compensation at the higher salary rate.

We have considered the remaining arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Asch, JJ.