■ In the Matter of SANDRIE MCGARRELL, Petitioner, v MACK L. CARTER, JR., et al., Respondents. [613 NYS2d 424] — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Hospitals of the County of Westchester, dated January 23, 1992, which, after a hearing, found the petitioner guilty of "misconduct and/or incompetence" and dismissed her from her position as a Senior Nursing Aide.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support that determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board*

*of Educ.,* 34 NY2d 222, 231; *Matter of County of Suffolk v Newman,* 173 AD2d 618). The petitioner's contention that the Commissioner's determination was not supported by substantial evidence is without merit. The testimony of the two eyewitnesses established the facts necessary to sustain the charge of "misconduct and/or incompetence" against the petitioner. The Hearing Officer, before whom all of the witnesses appeared, decided to credit the testimony of those witnesses and not the testimony of the petitioner and her witness. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488). Further, the penalty imposed was not so disproportionate to the offense committed as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Lawrence v Weinstein, supra).*

Finally, an applicant is constitutionally entitled to unprejudiced decision-making by an administrative agency *(see, Withrow v Larkin,* 421 US 35, 46-47). It follows that a determination based not on a dispassionate review of the facts but on a body's prejudgment or biased evaluation must be set aside *(see, Matter of Rotwein [Goodman],* 291 NY 116, 123). A mere allegation, however, will not suffice. There must be a factual demonstration to support the allegation and proof that the outcome flowed from it *(see, Matter of Warder v Board of Regents,* 53 NY2d 186, 197). Here, the record only reflects a conclusory allegation without proof to support it. Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.