■ In the Matter of JOSEPH IMMERSO, Petitioner, v COMMISSIONER OF THE DEPARTMENT OF SANITATION OF THE CITY OF NEW YORK, Respondent. [616 NYS2d 642] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Sanitation of the City of New York, dated May 14, 1992, which, after a hearing, found the

petitioner guilty of violating rules and regulations of the Department and dismissed him from his position.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of County of Suffolk v Newman,* 173 AD2d 618). The petitioner's contention that the Commissioner's determination was not supported by substantial evidence is without merit. The testimony of the Department's witnesses established the facts necessary to sustain the charges that the petitioner violated the City of New York Department of Sanitation's Policy and Administrative Procedure No. 85-05. The Hearing Officer before whom all the witnesses appeared, credited the testimony of the Department's witnesses and not the testimony of the petitioner. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488). Further, the penalty imposed was not so disproportionate to the offense committed as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Lawrence v Weinstein, supra).* Rosenblatt, J. P., Miller, Ritter and Hart, JJ., concur.