■ In the Matter of CHRISTOPHER GONZALEZ, Petitioner, v MACK L. CARTER, JR., as Commissioner of the County of Westchester, et al., Respondents. [617 NYS2d 869] —Proceeding pursuant to CPLR article 78 to review a determination of Mack L. Carter, Jr., Commissioner of Hospitals of the County of Westchester, dated November 5, 1992, which, after a hearing, confirmed the findings of a Hearing Officer who found the petitioner guilty of six specifications, and dismissed the petitioner from his position as Senior Psychiatric Aide.

Adjudged that the petition is granted, on the law, with costs, to the extent that the determination is modified by annulling the determinations of guilt with respect to Specifications 5 and 6, and dismissing those specifications; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; see, e.g., Matter of Lawrence v Weinstein, 181 AD2d 888; Matter of County of Suffolk v Newman, 173 AD2d 618). We conclude that while the evidence was insufficient to sustain the Hearing Officer's findings with respect to the charges levied against the petitioner in Specifications 5 and 6, the testimony of two of the petitioner's coemployees with respect to the petitioner's actions toward the patient in question established the facts necessary to sustain the charges of misconduct set forth in

Specifications 1 through 4. The Hearing Officer, before whom the witnesses appeared, decided to credit the testimony of the County's witnesses with respect to the two incidents in question, and rejected that of the petitioner and another coemployee. In such a case, a reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Stork Rest. v Boland,* 282 NY 256; *Matter of Lawrence v Weinstein,* 181 AD2d 888, 889; *Matter of Jeremias v Sander,* 177 AD2d 488, 489).

Under the circumstances, including that the petitioner punched and kicked a patient, the penalty of dismissal was not so disproportionate to the offenses committed " 'as to be shocking to one's sense of fairness' " *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *see, e.g., Matter of Lawrence v Weinstein, supra).*

We have examined the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.