■ In the Matter of MICHAEL SMITH, Petitioner, v PETER W. DELANEY, as Administrator of Westchester County Department of General Services, et al., Respondents. [617 NYS2d 896] —

Proceeding pursuant to CPLR article 78 to review a determination of Peter W. Delaney, Administrator of the Department of General Services of the County of Westchester, dated July 6, 1992, which, after a hearing, dismissed the petitioner from his position as Account Clerk.

Adjudged that the petition is granted to the extent that the determination is modified, on the law, by annulling the findings of guilt of Specifications 9 and 10, and dismissing those specifications; as so modified, the determination is confirmed and the proceeding is otherwise dismissed on the merits, with costs to the respondents, payable by the petitioner.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; see, e.g., Matter of Lawrence v Weinstein, 181 AD2d 888; Matter of County of Suffolk v Newman, 173 AD2d 618). We conclude that while the evidence was insufficient to sustain the Hearing Officer's findings with respect to the charges of numerous unauthorized absences levied against the petitioner, as set forth in Specifications 9 and 10, the testimony of the petitioner's supervisors with respect to his failure to initially report an automobile accident in which he had been involved while he was purportedly on County business, his completion and submission of misleading accident reports, and his substandard job performance between September and December 1991, established the facts necessary to sustain the charges of misconduct and/or incompetence, as set forth in Specifications 2, 4, 5, 6, 7 and 8. Accordingly, the determination is modified to the extent indicated, and the proceeding is otherwise dismissed on the merits.

Under the circumstances, the penalty of dismissal was not so disproportionate to the offenses " 'as to be shocking to one's sense of fairness' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233; see, e.g., Matter of Rupnarine v Koehler, 169 AD2d 545). Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.