■ In the Matter of DAVID A. DECKER, Petitioner, v FREDERICK W. SCORALICK, as Sheriff of the County of Dutchess, Respondent. [619 NYS2d 631] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Sheriff of the County of Dutchess, dated July 2, 1992, which, after a hearing, found the petitioner guilty of misconduct and/or incompetence and terminated him from his position as a police officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of County of Suffolk v Newman,* 173 AD2d 618). The petitioner's contention that the Sheriff's determination was not supported by substantial evidence is without merit. The testimony of the complainant established the facts necessary to sustain the charges of misconduct and/or incompetence against the petitioner. The

Hearing Officer, before whom all the witnesses appeared, decided to credit the testimony of the complainant and the respondent's witnesses and not the testimony of the petitioner and his witnesses. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488). Finally, the Hearing Officer's findings of fact were made in a manner such that the parties could be assured that the decision was based on evidence in the record *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 396).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.