■ In the Matter of STEPHEN WALLIN, Petitioner, v YONKERS PARKING AUTHORITY, Respondent. [620 NYS2d 286] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, Yonkers Parking Authority, which, after a hearing, found the petitioner guilty of intentional misconduct and dismissed him from his position as a collector.

Adjudged that the determination is confirmed, with costs, and the proceeding is remitted to the respondent to determine the effective date of the respondent's determination and whether the petitioner is owed back pay for the period beyond the first 30 days of his suspension pending the determination of the charge against him.

In order to annul an administrative determination that is made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of County of Suffolk v Newman,* 173 AD2d 618). The petitioner's contention that the determination in this case is not supported by substantial evidence is without merit. The testimony of the respondent's two witnesses establishes the facts necessary to sustain the charge against the petitioner. The Hearing Officer, before whom the witnesses appeared, credited the testimony of the respondent's witnesses and not the testimony of the petitioner. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer when there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488). Further, the penalty that was imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222).

The proceeding, however, must be remitted to the Supreme Court, Westchester County, to determine the effective date of the respondent's determination and whether the petitioner is entitled to back pay for the period beyond the first 30 days of his suspension pending the determination of the charge against him. An employee has the right to receive his salary

for the period following the first 30 days of his suspension whenever, through no fault of his own, the charges against him have not been determined within that time (see, *Matter of Yeampierre v Gutman*, 52 AD2d 608). Here, the hearing took place within 30 days of the petitioner's suspension. However, the record does not indicate exactly when the petitioner was dismissed. The respondent's determination is undated, and the record is barren with regard to when it was rendered. Thus, the matter is remitted to the respondent to determine the effective date of the respondent's determination and whether back pay is appropriate.

The petitioner's remaining contention is without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.