■ In the Matter of LAUREEN HENRY, Petitioner, v MACK L. CARTER, JR., as Commissioner of the Department of Hospitals of the County of Westchester, et al., Respondents. [622 NYS2d 538] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents, the Commissioner of Hospitals of the County of Westchester and the County of Westchester, dated February 19, 1993, which, after a hearing, found the petitioner guilty of 31 specifications of misconduct and/or incompetence and dismissed her from her position as a Special Attendant III.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135; Matter of Pell v Board of Educ., 34 NY2d 222; Matter of McGarrell v Carter, 205 AD2d 633). We find the petitioner's contention that the determination of the Commissioner of Hospitals of the County of Westchester (hereinafter the Commissioner) was not supported by substantial evidence to be without merit. The testimony and exhibits adduced at the hearing established the facts neces-

sary to sustain the 31 specifications of misconduct and/or incompetence against the petitioner. The Hearing Officer, before whom all of the witnesses appeared, credited the testimony of the Commissioner's witnesses and not the petitioner's testimony. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists (see, *Matter of Lawrence v Weinstein*, 181 AD2d 888; *Matter of Jeremias v Sander*, 177 AD2d 488). Further, the penalty of dismissal imposed was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness (see, *Matter of Holmes v Simpson*, 64 NY2d 678; *Matter of Pell v Board of Educ.*, 34 NY2d 222, *supra*; *Matter of Lawrence v Weinstein*, *supra*; *Matter of Bynoe v Weinstein*, 82 AD2d 884).

Finally, since the prior workers' compensation hearing neither addressed the identical issue addressed in this proceeding nor afforded the respondents a full and fair opportunity to litigate that issue, the Commissioner's determination is not barred by collateral estoppel (see, *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Matter of Larch Realty Corp. v Board of Appeals*, 208 AD2d 630; *Matter of City of Yonkers v Yonkers Racing Corp.*, 171 AD2d 663). Sullivan, J. P., Rosenblatt, Joy and Altman, JJ., concur.