■ In the Matter of MACAGNA/ORECCHIO PROPERTIES, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [628 NYS2d 734] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Liquor Authority, dated March 22, 1994, which confirmed a decision of an Administrative Law Judge, made after a hearing, finding that the petitioner violated Alcoholic Beverage Control Law § 111, suspending the petitioner's license for a period of 30 days (15 days deferred), and imposing a $1,000 bond forfeiture.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The record contains substantial evidence that the petitioner violated Alcoholic Beverage Control Law § 111. Although the respondent relied, in part, on hearsay evidence, such evidence is admissible in administrative proceedings and may constitute substantial evidence *(see, Matter of A.J. & Taylor Rest. v New York State Liq. Auth.,* 214 AD2d 727). Where there is conflicting testimony and questions of credibility, the Administrative Law Judge is free to resolve those conflicts *(see, Matter of Collins v Codd,* 38 NY2d 269; *Matter of Abdelrahman v New York State Liq. Auth.,* 209 AD2d 405), and we may not weigh the evidence or reject the administrative agency's determination of credibility *(see, Matter of Berenhaus v Ward,* 70 NY2d 436; *Matter of Abdelrahman v New York State Liq. Auth., supra).* Thus, in order for an appellate court to annul an administrative determination made after a hearing, the court must conclude that the record lacks substantial evidence to support that determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Immerso v Commissioner of Dept. of Sanitation of City of N. Y.,* 207 AD2d 894). Based on our review of the record, we find that there was substantial evidence to support the agency's determination *(see, e.g., Matter of Dumbarton Oaks Rest. & Bar v New York State Liq. Auth.,* 58 NY2d 89).

In light of all of the circumstances, the sanction imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of A.J. & Taylor Rest. v New York State Liq. Auth., supra).* Mangano, P. J., Joy, Hart and Florio, JJ., concur.