■ In the Matter of JUDITH BARTH, Petitioner, v COUNTY OF DUTCHESS, Respondent. [630 NYS2d 577] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent County of Dutchess, dated December 12, 1993, which, after a hearing, found the petitioner guilty of misconduct and/or incompetency, and terminated her employment as a nursing assistant with the Dutchess County Health Care Facility.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks

substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of McGarrell v Carter,* 205 AD2d 633). We find the petitioner's contention that the Hearing Officer's determination was not supported by substantial evidence to be without merit. The testimony at the hearing established the facts necessary to sustain the charges of misconduct and incompetency against the petitioner. The Hearing Officer, before whom all the witnesses appeared, decided to credit the testimony of the County's witnesses and not that of the petitioner. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488). Further, the penalty of dismissal imposed was not so disproportionate to the offense committed as to be shocking to one's sense of fairness *(see, Matter of Holmes v Simpson,* 64 NY2d 678; *Matter of Pell v Board of Educ., supra,* 34 NY2d 222; *Matter of Lawrence v Weinstein, supra; Matter of Bynoe v Weinstein,* 82 AD2d 884). Sullivan, J. P., Miller, Thompson and Ritter, JJ., concur.