■ In the Matter of WAYNE MCQUEENEY, Petitioner, v DUTCHESS COUNTY SHERIFF et al., Respondents. [637 NYS2d 429] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Dutchess County Sheriff, dated December 7, 1993, which, after a hearing, terminated the petitioner's employment as a correction officer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

To annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Decker v Scoralick*, 209 AD2d 517). The petitioner's contention that the Sheriff's determination was not supported by substantial evidence is without merit. The testimony at the hearing established the facts necessary to sustain the charges against the petitioner. The Hearing Officer decided to credit the respondents' witnesses and not the testimony of the petitioner and

his witnesses. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists (*see, Matter of Decker v Scoralick, supra; Matter of Gatto v Adduci*, 182 AD2d 760). The Hearing Officer's findings were based on evidence of record and were in a form to permit intelligent review (*see, Matter of Simpson v Wolansky*, 38 NY2d 391; *Matter of Decker v Scoralick, supra*). The petitioner's contention that the penalty of termination was excessive is without merit. Mangano, P. J., Thompson, Friedmann and Florio, JJ., concur.