■ In the Matter of HARRY LEGROS, Appellant, v NEW YORK HEALTH AND HOSPITALS CORPORATION et al., Respondents. [638 NYS2d 348] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents New York City Health and Hospitals Corporation and Kings County Hospital Center dated April 25, 1994, which adopted the recommendation of a Hearing Officer, made after a hearing, finding that the petitioner was guilty of misconduct and dismissing him from his position as a Respiratory Therapist at Kings County Hospital Center.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination that was made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of McGarrell v Carter,* 205 AD2d 633). Moreover, a reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer when there is conflicting evidence and room for choice exists *(see, Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of Jeremias v Sander,* 177 AD2d 488).

The petitioner's contention that the determination is not supported by substantial evidence is without merit. The testimony adduced at the hearing in this case establishes the facts necessary to sustain the charge of misconduct against the petitioner.

The penalty of dismissal is not so disproportionate to the offense committed as to be shocking to one's sense of fairness *(see, Matter of Holmes v Simpson,* 64 NY2d 678; *Matter of Pell v Board of Educ., supra; Matter of Lawrence v Weinstein, supra; Matter of Bynoe v Weinstein,* 82 AD2d 884). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.