■ In the Matter of PETER GLENNON BUICK-CADILLAC, INC., et al., Petitioners, v COUNTY OF SUFFOLK et al., Respondents. [646 NYS2d 881] —Consolidated proceedings pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services, dated January 12, 1994, made after a hearing, and a supplemental determination dated September 21, 1994, finding the petitioners guilty of charges relating to violations of the Suffolk County Sanitary Code and imposing penalties thereon.

Adjudged that the determinations are confirmed and the proceedings are dismissed on the merits, with costs.

The petitioners' contention that the determination of the Commissioner of Health Services of Suffolk County (hereinafter the Commissioner) was not supported by substantial evi-

dence in the record is without merit. The testimony and exhibits adduced at the hearing established the facts necessary to sustain the specifications against the petitioners that they had violated the Suffolk County Sanitary Code. The Hearing Officer, before whom all of the witnesses appeared, credited the testimony of the Commissioner's witnesses and not that of the petitioners' expert. A reviewing court may not weigh the evidence or reject the choice made by the Hearing Officer where there is conflicting evidence and room for choice exists *(see, Matter of Henry v Carter,* 212 AD2d 615, 616). Moreover, the penalty imposed was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness *(see, Matter of Holmes v Simpson,* 64 NY2d 678; *Matter of Henry v Carter, supra).* Further, because the determination must be reviewed exclusively upon the evidence contained in the administrative record, the respondents' determination of the need for a groundwater study cannot be vacated based on any purported new evidence *(see, Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 58 NY2d 952; *Matter of Margolin v Newman,* 130 AD2d 312; *Matter of Plaza Realty Investors v New York City Conciliation & Appeals Bd.,* 110 AD2d 704).

Finally, the petitioners were not prejudiced by the supplemental determination and order, made without a hearing, as it specifically incorporated the initial findings of fact and contained only additional findings specifying which of the alleged violations the petitioners had been found guilty of and it contained an exact breakdown as to which penalties were attributed to which violations and which of the petitioners was liable for the penalties. Moreover, the supplemental findings were made upon the evidence submitted and the testimony adduced at the administrative hearing *(see generally, Matter of Warren v Harris,* 179 AD2d 660). O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.