■ In the Matter of ROCKBOTTOM STORES, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF CLARKSTOWN, Respondent. [655 NYS2d 1001] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clarkstown, dated December 23, 1994, which, after a hearing, denied the petitioner's application for a sign permit, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Rudolph, J.), dated September 7, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

To annul an administrative determination made after a hearing, a court must conclude that the determination is not supported by substantial evidence on the record when read as a whole *(see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Lawrence v Weinstein,* 181 AD2d 888; *Matter of County of Suffolk v Newman,* 173 AD2d 618). A determination is supported by substantial evidence when the record contains evidence consisting of " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion of ultimate fact' " *(People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). Here, the determination of the Zoning Board of Appeals to deny the petitioner's application for a sign permit because the proposed sign was dissimilar in color to other signs in the immediate area of the shopping center was based upon substantial evidence *(see, Matter of Party City v Board of Appeals,* 212 AD2d 618).

Moreover, the interpretation of and reliance upon Town of Clarkstown Local Law No. 7-1991 and Clarkstown Town Code § 290-31-B (1) by the Zoning Board of Appeals were neither arbitrary, capricious, nor contrary to law.

The petitioner's remaining contentions are without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.