■ In the Matter of JORGE PESANTES, Petitioner, v SIDNEY A. FREUND et al., Respondents. [667 NYS2d 919] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Education of the Herricks Union Free School District dated October 31, 1995, which, after a hearing, found the petitioner guilty of theft, and terminated his employment as a maintainer.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In order to annul an administrative determination made after a hearing, a court must conclude that the record lacks substantial evidence to support the determination (*see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of LaCanfora v Lloyd,* 229 AD2d 496). Contrary to the petitioner's contention, the hearing record amply supports the Hearing Officer's finding

that the petitioner intended to steal a video cassette recorder from the Herricks Middle School. Although the petitioner denied it, the charge was supported by the testimony of a number of witnesses. A reviewing court may not weigh the evidence or reject the credibility determination made by the Hearing Officer where there is conflicting evidence and room for choice exists (*see, Matter of Silberfarb v Board of Coop. Educ. Servs.,* 60 NY2d 979; *Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710, 711).

The penalty of dismissal was not so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of Roach v Plainedge Union Free School Dist.,* 230 AD2d 861; *Matter of McQueeney v Dutchess County Sheriff, supra).* Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.