■ In the Matter of JOHN MAURO et al., Petitioners, v DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [672 NYS2d 347] —Determination of respondent Division of Housing and Community Renewal (DHCR), dated September 14, 1995, which found that petitioners engaged in a course of conduct constituting harassment and assessed civil penalties totaling $33,000, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Marylin Diamond, J.], entered April 16, 1997) dismissed, without costs.

The combination of investigatory, prosecutory and quasi-judicial functions in a single administrative agency is not in itself violative of due process (*Matter of Beres & Sons Dairy v Barber,* 75 AD2d 930, 931, *affd* 52 NY2d 1026; *Friedman v State of New York,* 24 NY2d 528, 541-544). Nor does the record otherwise provide support for petitioners' allegations of bias on the part of the Administrative Law Judge and the DHCR enforcement attorney, much less proof that the outcome of the administrative proceeding was affected by such bias (*see, Matter of Warder v Board of Regents of Univ. of State of N. Y.,* 53 NY2d 186, 197, *cert denied* 454 US 1125; *Matter of Jeremias v Sander,* 177 AD2d 488).

We also reject petitioners' additional due process claim that they were denied an independent review of the record by the

DHCR Commissioner because the verbatim transcript of the hearing was not yet available at the time of the Commissioner's consideration of the matter. There is no specific requirement that the Commissioner review the verbatim transcripts of an administrative hearing and due process requirements were satisfied in the present case by the availability of the entire record, which included tape recordings of the hearing, for review by the Commissioner (*see, Matter of Di Marsico v Ambach*, 48 NY2d 576, 582; *People ex rel. Ragsdale v Mantello*, 168 AD2d 925; *cf., Cruz v Lavine*, 45 AD2d 720).

Respondent's determination was supported by substantial evidence (*Matter of Berenhaus v Ward*, 70 NY2d 436; *Matter of Jeremias v Sander, supra*), and the multiple penalties imposed based upon numerous individual acts of harassment within a larger course of conduct were neither illegal nor inappropriate (*Matter of Hartman v New York State Div. of Hous. & Community Renewal*, 158 AD2d 330, *lv denied* 76 NY2d 705). Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Mazzarelli, JJ.