■ JOHN P. KRUPSKI & BROS., INC., Appellant, v TOWN BOARD OF TOWN OF SOUTHOLD, Respondent. [864 NYS2d 149]—

In an action, inter alia, for a judgment declaring that Local Law No. 35 (1999) of the Town of Southold, which rezoned the plaintiff's real property, is null and void, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Boyle, J.), dated January 31, 2007, which denied its motion for summary judgment on the first cause of action declaring that Local Law No. 35 (1999) of the Town of Southold is null and void for failure to provide proper notice of the public hearing and granted the defendant's motion for summary judgment on the declaratory judgment causes of action and to dismiss the remaining cause of action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion for summary judgment and substituting therefor a provision denying the motion as untimely, and (2) by adding a provision thereto that, upon denying the plaintiff's motion for summary judgment on the first cause of action, and, upon searching the record, the defendant is awarded summary judgment declaring that Local Law No. 35 (1999) of the Town of Southold is not null and void for failure to provide proper notice of the public hearing; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the second, third, and fourth causes of action and thereafter for the entry of a judgment, inter alia, declaring that Local Law No. 35 (1999) of the Town of Southold is not null and void for failure to provide proper notice of the public hearing.

After imposing a moratorium on land development and conducting a land use study, the defendant Town Board of the Town of Southold (hereinafter the Town Board) passed Local Law No. 35 (1999) of the Town of Southold rezoning the plaintiff's property from a business district to a limited business district. The plaintiff subsequently commenced this action against the Town Board alleging, in its first cause of action, that the Town did not provide proper notice of the public hearing at which the rezoning was considered. The plaintiff thereafter timely moved for summary judgment on its first cause of action, contending that Local Law No. 35 should be declared null and void because the Town Board had failed to provide proper notice of the public hearing. After the time for making a cross

motion expired (*see* CPLR 2215), and after the 120-day period for submitting a summary judgment motion lapsed (*see* CPLR 3212 [a]), the Town Board separately moved for summary judgment on the declaratory judgment causes of action and to dismiss the remaining cause of action.

The Supreme Court improvidently exercised its discretion in considering the Town Board's untimely motion for summary judgment in view of its failure to demonstrate good cause for not serving the motion within 120 days of the filing of the note of issue as required by CPLR 3212 (a) (*see Brill v City of New York*, 2 NY3d 648 [2004]). In the absence of such a good cause showing, the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment (*id.* at 652). Thus, the Town Board's motion should have been denied as untimely.

The Supreme Court properly denied the plaintiff's motion for summary judgment on its first cause of action. Southold Town Code § 100-290 explicitly provided that the Town Board must cause notice of a public hearing on its own proposal to change zoning to be made pursuant to the provisions of the Town Law. The Town Board interpreted this provision as requiring that notice be published as required by Town Law §§ 264 and 265, and its interpretation of the provision was neither arbitrary, capricious, nor contrary to law (*see Matter of Rockbottom Stores v Zoning Bd. of Appeals of Town of Clarkstown*, 237 AD2d 611 [1997]). In any event, the plaintiff's receipt of actual notice of, and its appearance at, the public hearing constituted a waiver of the requirement that notice be given in strict accordance with the Southold Town Code (*see Woodside Estates Civic Assn. v Town of Brookhaven*, 105 AD2d 744 [1984]). Accordingly, as there are no triable issues of fact with regard to the plaintiff's claim that the notice of the public hearing was inadequate, it is appropriate to search the record and award the defendant summary judgment declaring that Local Law No. 35 is not null and void for failure to provide proper notice of the public hearing (*see* CPLR 3212 [b]; *cf. Grande v Peteroy*, 39 AD3d 590 [2007]), despite the untimeliness of the defendant's summary judgment motion seeking, inter alia, the same relief.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, inter alia, for entry of an appropriate judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.