■ In the Matter of ROBERT L. MEYERS, Doing Business as B&G ROOFING, Petitioner, v JONATHAN MINTZ et al., Respondents. [935 NYS2d 882]—

DCA's determination was supported by substantial evidence. There is no basis to disturb respondent's determination, premised largely on this assessment of witness credibility, that petitioner performed substandard home improvement work on the complainant's home, failed to correct the errors despite continual requests by the complainant, and supplied a contract in violation of numerous legal requirements (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]). In addition,

substantial evidence supported the determination ordering petitioner to pay restitution to the complainant because petitioner's substandard repairs and failure to correct them caused the complainant to incur additional costs to repair the damage to his home.

Under the circumstances, the penalty of revoking petitioner's home improvement contractor license was not so disproportionate to the offense as to shock the judicial conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]).

Finally, petitioner has failed to demonstrate bias on the part of DCA (*see Matter of Warder v Board of Regents of Univ. of State of N.Y.*, 53 NY2d 186, 197 [1981], *cert denied* 454 US 1125 [1981]; *Matter of Mauro v Division of Hous. & Community Renewal*, 250 AD2d 392 [1998]). Concur—Friedman, J.P., Sweeny, Acosta, Renwick and Abdus-Salaam, JJ.