Bricenio v Perez (2019 NY Slip Op 09249)





Bricenio v Perez


2019 NY Slip Op 09249


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-04036
 (Index No. 14610/14)

[*1]Patrick Bricenio, respondent, 
v
Amparo Perez, defendant, Felix B. Samame, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum and Marshall D. Sweetbaum], of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Felix B. Samame and Juana Samame appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered February 27, 2017. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against, among others, the defendants Felix B. Samame and Juana Samame (hereinafter together the Samame defendants), to recover damages for personal injuries the plaintiff allegedly sustained when he fell from a ladder while working at a residence owned by the Samame defendants. A note of issue was filed on April 29, 2016. By notice of motion dated August 29, 2016, the Samame defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. In the order appealed from, the Supreme Court determined that the deadline to move for summary judgment was August 29, 2016, but the Samame defendants did not file the subject motion until September 12, 2016. The court denied the motion as untimely, without considering the merits of the arguments raised in the motion. The Samame defendants appeal, arguing that the court erred in concluding that the motion was untimely.
CPLR 3212(a) provides that, unless the court has set a different date, a motion for summary judgment must be made "no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown." "In the absence of such a good cause showing, the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment" (John P. Krupski & Bros., Inc. v Town Bd. of Town of Southold, 54 AD3d 899, 901; see Brill v City of New York, 2 NY3d 648, 652-653).
Here, the parties agree that the deadline for making a summary judgment motion was August 29, 2016. The Samame defendants do not offer good cause for the delay, but instead assert that the motion was timely made and the Supreme Court erred by focusing on the filing date instead of the date that the motion was served. CPLR 2211 provides that "[a] motion on notice is made when a notice of the motion or an order to show cause is served." The Samame defendants assert that they served the subject motion on August 29, 2016. They failed, however, to submit any [*2]evidence that would establish that service was made on that date on the plaintiff or on the other defendant (cf. Manko v Gabay, 175 AD3d 489, 490). In light of the Samame defendants' failure to demonstrate, prima facie, that their motion for summary judgment was timely, we agree with the court's determination denying the motion (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In view of our determination, we need not address the parties' remaining contentions.
MASTRO, J.P., DUFFY, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court