■ In the Matter of CHARLES HANSEN, JR., Appellant, v CITY OF GLOVERSVILLE, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered May 4, 1984 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the City of Gloversville dismissing petitioner from his employment with the Gloversville Fire Department.

Petitioner was employed by the City of Gloversville as a fire fighter from January 1, 1975 until he was suspended on July 22, 1983 for conduct unbecoming a fire fighter based on an off-duty incident of July 7, 1983, wherein he fired two shots from a rifle through a wall of his apartment. The charge was based on section 12.23 of the rules and regulations of the Gloversville Fire Department, which provides that "[a]ll members shall be held accountable for their conduct while off duty whether in uniform or not". Petitioner admitted the charge and was given a hearing on the sanction to be imposed. After the hearing, the hearing officer recommended that petitioner be dismissed from his employment. The city accepted the recommendation and terminated petitioner's employment. Petitioner commenced this CPLR article 78 proceeding challenging such action. Special Term dismissed the proceeding and this appeal by petitioner ensued.

In a case such as this, the scope of review is limited to whether the punishment imposed is so disproportionate to the offense, in light of all the circumstances, as to be shocking to one's sense of fairness (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Petitioner testified at the hearing that the discharges from the rifle were accidental. This was controverted by the testimony of police officers who investigated the incident that petitioner told them that he was angry at his wife and fired the rifle into the wall. Petitioner also offered mitigating evidence that he is a Vietnam War veteran suffering from a delayed stress syndrome. The hearing officer additionally considered petitioner's employment record* which was introduced into evidence. Such record contains a reprimand for past off-duty incidents and misuse of sick time. Also, because of his driving record, he had been

* Petitioner was notified that his employment record would be considered and he was given the opportunity to examine the file and to respond to it. This procedure complied with the recent decision of the Court of Appeals in *Matter of Bigelow v Board of Trustees* (63 NY2d 470).

prohibited from driving city vehicles. Considering all the circumstances, while petitioner's situation does generate some sympathy, it cannot be said that dismissal from his employment is so disproportionate to the offense as to be shocking to one's sense of fairness. Therefore, Special Term properly dismissed the petition.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.