■ In the Matter of HENIA FRIEDLAND, Respondent, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered September 15, 1986 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education dismissing petitioner from her teaching position.

This appeal questions the propriety of the dismissal of petitioner from her elementary school teaching position for improperly administering corporal punishment to certain second grade students in her class.

Based upon a fair preponderance of evidence and by a vote of 2 to 1, a Hearing Panel found petitioner guilty of specifications III and IV, and not guilty of specification II. Specifications I and V were withdrawn at the hearing. The specifications on which petitioner was found guilty involved slapping the face of one student and punching another in the stomach, knocking him against the blackboard. A penalty of dismissal was recommended over the objection of the dissenting Panel member.

On petitioner's appeal to respondent Commissioner of Education, the findings of the majority of the Hearing Panel were adopted and petitioner's appeal was denied. The Commissioner found no reason to substitute his judgment for that of the Panel due to the clear evidence presented by students in-

volved in support of the charges and other evidence contained in the record. Petitioner's denials and explanation of appropriate discipline in the circumstances were viewed simply as issues of credibility that were determined against her by a majority of the Hearing Panel (see, Fishman v Board of Educ., 114 AD2d 436).

Petitioner sought review of the Commissioner's determination in this CPLR article 78 proceeding for the following reasons: (1) that it was arbitrary and capricious, (2) because the Hearing Panel, prior to its determination, had received the record of petitioner's previous disciplinary proceeding, (3) because of lack of notice and opportunity to submit a written response to the introduction of the record of her prior discipline, and (4) because the penalty of dismissal was grossly disproportionate to the charges.

Petitioner's prior discipline, which she claims infected her present hearing, involved physical abuse of fourth grade students in a class that petitioner was teaching in February 1978. Although petitioner was ordered suspended from teaching for the following school year as a consequence of such conduct, she avoided suspension by transferring to a different school district. Certain questions regarding this prior discipline were asked of petitioner on cross-examination at the instant hearing. When the questions were objected to by her attorney, it was stipulated that the prior disciplinary proceedings would be held in "escrow" and considered only in regard to any penalty that might be imposed. Only the dissenting Panel member admits that this prior conviction influenced his decision of guilt. Although this Panel member suggests that the other members had access to the record of the prior disciplinary proceeding, there has been no such showing.

Supreme Court found the Commissioner's determination arbitrary due to his reliance on the Hearing Panel's assessment of credibility without making an independent evaluation of his own and because of a lack of evidence that the Panel's determination was not improperly influenced by petitioner's prior discipline. Supreme Court further found that petitioner did not have sufficient opportunity or notice to submit a written response to respondents' use of her prior discipline. The proceeding was ordered remanded for appropriate implementation of the court's order. Respondents appeal.

In our view, reversal is mandated. The evidence offered at the hearing by the affected students provided ample basis for a finding of physical abuse in violation of the rules pertaining thereto. The evidence before the Hearing Panel, accepted by a

majority of its members, clearly supports its factual findings and determination by a preponderance thereof, as found by the Commissioner *(see, Matter of Martin v Ambach,* 67 NY2d 975). Therefore, a rational basis supports the Commissioner's determination *(see, Matter of Chauvel v Nyquist,* 43 NY2d 48, 52). Supreme Court erred in weighing the evidence and substituting its judgment for that of the Commissioner *(see, Matter of Strongin v Nyquist,* 44 NY2d 943, *cert denied* 440 US 901).

As to petitioner's prior discipline, we find no actual prejudice requiring annulment of the Commissioner's determination *(see, Altsheler v Board of Educ.,* 62 NY2d 656, 657), despite the affidavit of the dissenting member of the Hearing Panel. The questions asked about prior discipline were objected to and not answered. The Hearing Panel was instructed that such prior discipline could be considered only in assessing the penalty, not in determining guilt. Petitioner's attorney stipulated to such restricted use of the prior discipline *(see, Hallock v State of New York,* 64 NY2d 224). Since petitioner's fair hearing rights have not been shown to have been adversely affected, Supreme Court erred in annulling the Commissioner's determination. The hearings herein were held on four separate dates, from January 24, 1984 to May 10, 1984. Contrary to the determination of Supreme Court, this time span until the date of the majority decision on September 17, 1984 afforded petitioner ample opportunity to make a written response to the use of her prior discipline *(cf., Matter of Bigelow v Board of Trustees,* 63 NY2d 470, 472).

Lastly, considering the nature and repetitiveness of petitioner's conduct, as well as the public interest involved, the penalty of dismissal is not so disproportionate to petitioner's offense as to be shocking to one's sense of fairness. The judgment appealed from should be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.