■ In the Matter of JAMES R. ROMANO, Petitioner, v TOWN BOARD OF THE TOWN OF COLONIE et al., Respondents. [607 NYS2d 169] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Town Board of the Town of Colonie which terminated petitioner's employment.

Following administrative proceedings pursuant to Civil Service Law § 75, petitioner's employment as principal clerk with the Town of Colonie Highway Department was terminated upon a finding that he was guilty of misconduct due to excessive absenteeism. It is undisputed that petitioner was absent from work 41 days between February 8, 1991 and July 9, 1991, having taken eight sick days with pay, 11 personal service days with pay and 22 personal service days without pay. It is also undisputed that each of the 41 absences was authorized by petitioner's supervisor, thereby giving rise to the current contentions that a finding of misconduct cannot be predicated upon authorized absences and, similarly, that the employer is equitably estopped from basing a claim of excessive absenteeism upon absences that it specifically authorized. We disagree.

The fact that petitioner may have had a "valid" reason for each one of the individual absences is irrelevant to the ultimate issue of whether his unreliability and its disruptive and burdensome effect on the employer rendered him incompetent to continue his employment. The hearing evidence disclosed an absolutely deplorable attendance record (66 sick days and personal service days in 1987, 83 in 1988, 89 in 1989, 87 in 1990 and 43 in 1991) and repeated warnings that petitioner's absenteeism threatened his continued employment. Notably, petitioner was absent for 41 of a possible 76 work days during the period February 8, 1991 through July 9, 1991 despite the fact that he had already received a 30-day suspension for excessive absences during the period September 1989 to Feb-

ruary 7, 1991. Under the circumstances, the findings of misconduct and incompetence and the penalty of dismissal are supported by substantial evidence in the record *(see, Matter of Berenhaus v Ward,* 70 NY2d 436). We have considered and rejected petitioner's remaining arguments.

Cardona, P. J., Casey, Weiss and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.