■ In the Matter of LISA ABDALLA, Petitioner, v FULTON COUNTY, Respondent. [617 NYS2d 587] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Fulton County) to review a determination of respondent which terminated petitioner's employment.

Petitioner was employed as a food service worker in respondent's infirmary for eight years. On or about May 1, 1992, petitioner was served with a notice of discipline charging her with two specifications of misconduct. Specifically, petitioner was charged with excessive absenteeism and violating the collective bargaining agreement by failing to, *inter alia,* provide proper notification and documentation during a long-term absence. At the conclusion of the administrative hearing that followed, the Hearing Officer sustained the charges against petitioner and recommended that her employment with respondent be terminated. Respondent thereafter adopted the Hearing Officer's findings and recommendation and terminated petitioner from her position. Petitioner then commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul respondent's determination.

Initially, we reject petitioner's assertion that respondent should have proceeded pursuant to Civil Service Law §§ 72 and 73 rather than Civil Service Law § 75. Civil Service Law §§ 72 and 73 provide, respectively, for leaves of absence and separation from service for employees found to be medically unable to perform their duties and affords certain rights for return to employment upon recovery from disability. Inasmuch as there was no finding by respondent that petitioner was physically or mentally unable to perform her duties, these statutes simply are not applicable. As respondent correctly

notes, petitioner has been charged with misconduct due to, *inter alia,* her excessive absences from work and, as such, Civil Service Law § 75 is the appropriate statute under which to proceed.

Petitioner next contends that respondent's determination is not supported by substantial evidence. We cannot agree. Petitioner, through the use of leave accruals, disability leave and an unpaid leave of absence for medical reasons, was absent continuously from her employment from September 5, 1991 through June 24, 1992. It is undisputed that petitioner failed to comply with the notification and documentation requirements imposed by the collective bargaining agreement, and the effect of petitioner's extended absences upon respondent and its employees is well documented in the record. To the extent that the evidence and testimony adduced at the administrative hearing was conflicting, we note that assessing witness credibility and evaluating the evidence are matters committed solely to the Hearing Officer *(see generally, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444). Petitioner's remaining contentions, including her assertion that the penalty of dismissal is so disproportionate to the underlying offenses as to be shocking to this Court's sense of fairness, have been examined and found to be lacking in merit.

Casey, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.