■ In the Matter of JEFFREY GLINKA, Petitioner, v TOWN OF POUGHKEEPSIE et al., Respondents. [618 NYS2d 131] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department) to annul a determination of respondent Town of Poughkeepsie Town Board which terminated petitioner's employment.

Petitioner, an employee of respondent Town of Poughkeepsie in Dutchess County, was charged with misconduct arising out of his absence from work for a period of 11 days between July 30, 1991 and August 13, 1991. In particular, petitioner was charged with being absent without authorization or permission, failing to justify his use of sick leave with a doctor's certificate and submitting a falsified doctor's certificate. Following an administrative hearing, petitioner was found guilty of all three charges and his employment was terminated, resulting in this CPLR article 78 proceeding by petitioner to review respondents' determination.

The facts are essentially undisputed. Petitioner was absent from work so that he could care for his live-in girlfriend who had been hospitalized. On each day of his absence from work, petitioner informed his supervisor that he was taking either a sick day or a personal day. Upon his return to work, and in compliance with his supervisor's request, petitioner submitted a doctor's certificate which states that petitioner should be excused from work "due to an illness in the family". The certificate originally covered a five-day period, but was altered by petitioner's girlfriend, after consulting with the doctor's staff, to cover the entire period of petitioner's absence.

Petitioner argues that he cannot be found guilty of unauthorized absence because he was never told that he could not use sick leave to care for his girlfriend. The argument is meritless. Petitioner's right to sick leave was derived from the relevant provisions of the collective bargaining agreement which applied to his employment. The relevant sick leave provisions are clear and unambiguous. Employees are allowed to accumulate sick leave at the rate of one day per month which may be used when an employee is absent from work due to illness. The sick leave provisions contain no reference to the use of sick leave to care for others who are sick. Respondents could, therefore, rationally conclude that petitioner's use of sick leave to care for his girlfriend was unauthorized, and the finding of misconduct based upon unauthorized absence from work cannot be disturbed.

We reach a contrary conclusion as to the other two charges

of misconduct. It is undisputed that petitioner complied with his supervisor's request for a doctor's certificate. As discussed above, the reason stated in the certificate, i.e., illness in the family, was insufficient to justify his use of sick leave and, therefore, respondents could rationally find petitioner guilty of misconduct for unauthorized absence. It was irrational, however, to base a second, separate finding of misconduct for failing to substantiate his use of sick leave with a doctor's certificate on essentially the same conduct as that which serves as the basis for the final finding of misconduct, i.e., the use of sick leave without justification. As to the finding of misconduct based on the alteration of the dates in the doctor's certificate, it is undisputed that the alteration was made only after consultation with the doctor's office. The record establishes that petitioner acted in the good-faith belief that the alteration was authorized. Accordingly, the alteration does not provide a basis for a finding of misconduct.

Mercure, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondents for a new determination of the appropriate penalty, to be made in light of the isolated instance of misconduct in charge I of the notice of charges and petitioner's prior record during his employment.