■ In the Matter of ARLENE JAMES, Petitioner, v MACK L. CARTER, JR., et al., Respondents. [618 NYS2d 834] —Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Hospitals of Westchester County, dated October 3, 1992, which adopted the findings of fact of a Hearing Officer, made after a hearing, finding the petitioner guilty of charges of misconduct and incompetence, rejected the Hearing Officer's recommendation of a 30-day suspension, and dismissed the petitioner from her position as a Special Attendant II.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

In reviewing an administrative determination, we are lim-

ited to an examination of whether there was substantial evidence to support the determination and whether the administrative body abused its discretion or acted in an arbitrary and capricious manner *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231-232).

Here, the evidence at the hearing consisted primarily of eyewitness testimony. In a case where credibility is the central issue, great weight is given to the Hearing Officer's findings in determining whether substantial evidence exists to support the charges *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *Matter of Lawrence v Weinstein,* 181 AD2d 888, 889). The Commissioner's determination that the petitioner verbally abused a patient, left her unit without permission, behaved rudely to a visitor, and was insubordinate, was supported by substantial evidence. The penalty of dismissal was not so disproportionate to the offenses as to shock one's sense of fairness *(see, Matter of Moccio v State of New York,* 200 AD2d 574; *Matter of Lawrence v Weinstein, supra).* Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.