■ In the Matter of ANTHONY KAGHA, Petitioner, v MACK L. CARTER, JR., as Commissioner of Public Hospitals of Westchester County, Respondent. [625 NYS2d 733] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Appellate Division, Second Department), to review a determination of respondent which found petitioner guilty of misconduct and terminated his employment.

After about two years of employment with respondent West-chester County Medical Center as a hospital courier, petitioner was charged with misconduct. The charges contained 72 specifications which concerned numerous instances when petitioner reported for work late, failed to follow proper procedure for reporting lateness, failed to offer proper notification for absence from duty or failed to report for duty. Following a hearing conducted pursuant to Civil Service Law § 75, all 72 specifications were sustained and petitioner was discharged. Petitioner thereafter commenced this proceeding to review the determination.

There is ample evidence in the record to support respondent's finding as to the first 31 specifications and we will not discuss them any further. The remaining 41 specifications concern petitioner's failure to report for duty and failure to give proper notification of the absence for the period March 3, 1992 through April 9, 1992. There is evidence in the record that petitioner was scheduled to work on each of the days referred to in the specifications, that petitioner failed to comply with the established call-in procedure each day, and that petitioner was absent each day.

Petitioner testified that he saw a doctor on February 29, 1992 because of recurring back pain from a prior work-related injury. The doctor gave him a note, dated February 29, 1992, which states that petitioner is unable to perform his work duties and his return to work is "undetermined". There is evidence in the record that petitioner called a supervisor on March 2, 1992 and advised her of his back pain. Petitioner thereafter failed to report to work and did not call in to report the absences. On March 16, 1992, he did come in to deliver the doctor's note.

Petitioner claims that because his workers' compensation case was ultimately reopened by the Workers' Compensation Board, his discharge was in violation of Workers' Compensation Law § 120. The appropriate method for raising such a claim is to file a complaint with the Workers' Compensation Board, which has jurisdiction to hear and determine the claim and to fashion the appropriate remedy (Workers' Compensation Law § 120). Accordingly, we will not consider the claim in this proceeding.

We also reject petitioner's claim that he could stay out of work indefinitely, without reporting or justifying the daily absences, because he had a doctor's note which indicated an "undetermined" date of return to work. Petitioner conceded at

the hearing that neither his doctor nor his supervisor told him that he did not have to report for work. Respondent had an established call-in policy for employees to report absences, and due to petitioner's prior time and leave abuses he had been informed of the need to substantiate each absence or it would be deemed unauthorized. Based upon the evidence in the record, we are of the view that respondent was justified in concluding that petitioner had not taken sick leave in the approved manner.

Turning to the penalty, it cannot be said that the penalty of discharge is shockingly disproportionate to the misconduct (see, Matter of Pell v Board of Educ., 34 NY2d 222), which consists of a pattern of time and leave abuses during his employment.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.