■ In the Matter of CAROL ALSTON, Petitioner, v STEPHEN D. MORGAN et al., Respondents. [664 NYS2d 819] —Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated March 12, 1996, which, after a hearing, found the petitioner guilty of misconduct, and terminated her employment as a toll collector.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

Following a hearing, the respondents adopted the recommendation of a Hearing Officer to dismiss the petitioner from her position as a toll collector due to, *inter alia*, excessive absenteeism. The petitioner commenced this proceeding pursuant to CPLR article 78 asserting, *inter alia*, that the determination was not made upon substantial evidence and that the punishment imposed was excessive.

It is well settled that an administrative determination is supported by substantial evidence when the evidence consists of " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*People ex rel. Vega v Smith,* 66 NY2d 130, 139, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). In the present proceeding, the record established that the petitioner had a number of unauthorized absences over an approximately 15-month period, had failed to provide medical authorization for some of her absences, and had neglected to advise her supervisors in advance that she would be absent. Further, there was evidence that the absences, were a result, in part, of oversleeping and car trouble. The failure to report to work and to provide documentation for absences as an employee is directed to do, is a rational basis for finding misconduct (*see, Matter of Romano v Town Bd.,* 200 AD2d 934). Therefore, the determination finding the petitioner guilty of misconduct was supported by substantial evidence (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Glinka v Town of Poughkeepsie,* 209 AD2d 773). Furthermore, the determination that the petitioner be dismissed was not so disproportionate to the offenses committed as to be shocking to one's sense of fairness (*see, Matter of Holmes v Simpson,* 96 AD2d 502, 504-505 [Lazer, J., dissenting], *revd* 64 NY2d 678, *on dissenting opn at App Div; Matter of Pell v Board of Educ., supra; Matter of Bynoe v Weinstein,* 82 AD2d 884).

The petitioner's remaining contentions are without merit. Thompson, J. P., Pizzuto, Joy and Florio, JJ., concur.