■ In the Matter of AIDA GARAYUA, Petitioner, v BOARD OF EDUCATION OF THE YONKERS CITY SCHOOL DISTRICT et al., Respondents. [671 NYS2d 278] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Yonkers City School District, dated September 18, 1996, which upon confirming a report of a Hearing Officer, made after a hearing, found the petitioner guilty of misconduct and incompetence due to her excessive absenteeism, and dismissed her from her position as an assistant custodian.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Inasmuch as the petitioner was charged, *inter alia,* with misconduct and incompetence due to excessive absenteeism, Civil Service Law § 75 provided the appropriate statutory vehicle for the resolution of the instant controversy (*see, Matter of Alston v Morgan,* 245 AD2d 287; *Matter of Abdalla v Fulton County,* 208 AD2d 1168). While the petitioner contends that her case should have been governed by the provisions of Civil Service Law §§ 72 and 73 because her absenteeism was due to her physical incapacity, even charges of nonwillful absenteeism may be adjudicated in a proceeding pursuant to Civil Service Law § 75 (*see, Matter of Romano v Town Bd.,* 200 AD2d 934; *see also, Matter of Moorehead v New York City Tr. Auth.,* 190 AD2d 674). Upon our review of the record, we conclude that the finding of misconduct is supported by substantial evidence (*see, Matter of James v Carter,* 209 AD2d 522).

The penalty of dismissal is not so disproportionate to the offense as to shock one's sense of fairness (*see, Matter of Alston v Morgan, supra; Matter of James v Carter, supra; Matter of Moorehead v New York City Tr. Auth., supra*). Mangano, P. J., Miller, Ritter and Thompson, JJ., concur.