■ In the Matter of ROBIN THOMAS, Petitioner, v CITY OF MOUNT VERNON DEPARTMENT OF PUBLIC SAFETY, Respondent. [699 NYS2d 872] —Proceeding pursuant to Mount Vernon City Charter § 120 to review a determination of the Mount Vernon Commissioner of Public Safety, dated February 25, 1999, which terminated the petitioner's employment.

Adjudged that the determination is confirmed and the proceeding is dismissed, on the merits, with costs.

This Court previously confirmed a determination by the Mount Vernon Commissioner of Public Safety (hereinafter the Commissioner) sustaining a disciplinary charge against the petitioner, and the matter was remitted to the Commissioner for a new determination as to the penalty to be imposed (*see, Matter of Thomas v City of Mount Vernon Dept. of Pub. Safety,* 249 AD2d 483). The Commissioner issued a new determination which terminated the petitioner's employment.

Contrary to the petitioner's contention, the Commissioner sufficiently complied with the procedures set forth in *Matter of Bigelow v Board of Trustees* (63 NY2d 470), by notifying her that in determining the penalty her prior disciplinary record would be considered and by providing her with an opportunity to submit a written response (*see, Matter of Segrue v City of Schenectady,* 76 NY2d 758). There is no evidence that the petitioner was denied access to her disciplinary record (*see, e.g., Matter of Moore v Constantine,* 191 AD2d 769, 772; *Matter of Hansen v City of Gloversville,* 107 AD2d 958), and she was allowed to submit a written response offering mitigating circumstances.

The penalty of dismissal was not " 'so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness' " (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). The petitioner's conduct in connection with the instant offense, together with her conduct underlying a previous suspension, established a pattern of excessive absences (*see, Matter of Alston v Morgan,* 245 AD2d 287; *Matter of Collins v Amrhein,* 134 AD2d 346), and a failure to correct this behavior after her suspension (*see, Matter of Johnson v Pritchard,* 248 AD2d 715).

The petitioner's remaining contentions are without merit. S. Miller, J. P., O'Brien, McGinity and Feuerstein, JJ., concur.