■ In the Matter of HUGH McKINNON, Appellant, v BOARD OF EDUCATION OF NORTH BELLMORE UNION FREE SCHOOL DISTRICT et al., Respondents. [709 NYS2d 104] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated December 11, 1998, which, after a hearing, terminated the petitioner's employment, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Dunne, J.), dated August 12, 1999, which found that the determination of the charges against him had a rational basis and transferred the issue of whether his termination was based on substantial evidence to the Appellate Division.

Ordered that the appeal is dismissed, and the order and judgment is vacated, on the law, without costs or disbursements; and it is further,

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, without costs or disbursements.

Since the petition raises a substantial evidence question, and the remaining points raised in the petition are not objections that could have terminated the proceeding within the meaning of CPLR 7804 (g), the Supreme Court should have transferred the entire proceeding to the Appellate Division. Nonetheless, since the record is now before us, we will treat the proceeding as if it had been properly transferred, and review the matter de novo (*see, Matter of Sweeney v Barrios-Paoli,* 266 AD2d 398; *Matter of Stein v County of Rockland,* 259 AD2d 552).

There is substantial evidence in the record to support the misconduct charges against the petitioner based on his failure to comply with the established call-in procedure to report his absences (*see, Matter of Kagha v Carter,* 214 AD2d 928). In addition, there is substantial evidence to support the charge of incompetence based on the petitioner's excessive absences, even though the validity of the reasons for his absences was not contested (*see, Matter of Garayua v Board of Educ.,* 248 AD2d 714; *Matter of Romano v Town Bd.,* 200 AD2d 934).

We do not find the penalty of dismissal to be so disproportionate to the misconduct as to be "shocking to one's sense of fairness" (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233-234; *see also, Matter of Garayua v Board of Educ., supra; Matter of Romano v Town Bd., supra*). O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.