■ In the Matter of KERI A. HANLEY, Petitioner, v COUNTY OF PUTNAM et al., Respondents. [716 NYS2d 327] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Robert D. Thoubboron, as Sheriff of Putnam County, dated October 30, 1998, which adopted the findings and recommendation of a Hearing Officer dated October 29, 1998, made after a hearing, finding the petitioner guilty of

misconduct, and terminated her employment as an office assistant with the Putnam County Sheriff's Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

To annul an administrative determination made after a hearing, a court must determine that the record lacks substantial evidence (*see, Matter of McQueeney v Dutchess County Sheriff,* 223 AD2d 710). "[A]n administrative determination is supported by substantial evidence when the evidence consists of 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact'" (*Matter of Alston v Morgan,* 245 AD2d 287, 288; *see also, Matter of Consolidated Edison Co. v New York State Div. of Human Rights,* 77 NY2d 411, 417).

There is no merit to the petitioner's contention that the determination of the Hearing Officer, which was adopted by the respondent Thoubboron, was not supported by substantial evidence. The testimony at the hearing established the facts necessary to sustain the charges against the petitioner. Moreover, the punishment imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Friedland v Ambach,* 135 AD2d 960, 962; *see also, Matter of Santarella v New York City Dept. of Correction,* 53 NY2d 948, 949; *Matter of Alston v Morgan, supra,* at 288; *Matter of McQueeney v Dutchess County Sheriff, supra,* at 711).

The petitioner's remaining contentions are without merit. Mangano, P. J., Ritter, S. Miller and H. Miller, JJ., concur.