■ In the Matter of EDNA TRUSS, Petitioner, v WESTCHESTER COUNTY HEALTH CARE CORPORATION et al., Respondents. [754 NYS2d 38] —Proceeding pursuant to CPLR article 78 to review the determination of the respondent Edward Stolzenberg, President and Chief Executive Officer of the Westchester County Health Care Corporation, dated July 5, 2001, which adopted the findings and recommendation of a hearing officer, dated June 24, 2001, made after a hearing, finding that the petitioner was guilty of misconduct, and terminated her employment as a nursing support staff worker.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The determination of the Hearing Officer, adopted by the respondent Edward Stolzenberg, President and Chief Executive Officer of the Westchester County Health Care Corporation, that the petitioner's absences, latenesses, and failures to comply with a call-in policy constituted misconduct or incompetence was based on substantial evidence (*see Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist.,* 273 AD2d 240, 241; *Matter of Alston v Morgan,* 245 AD2d 287, 288). Contrary to the petitioner's contentions, the fact that appropriate leave balances were deducted to cover her

absences and latenesses is irrelevant where, as here, excessive and disruptive absences and latenesses are at issue (*see Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist., supra* at 241; *Cicero v Triborough Bridge & Tunnel Auth.,* 264 AD2d 334, 336; *Matter of Garayua v Board of Educ. of Yonkers City School Dist.,* 248 AD2d 714; *Matter of Romano v Town Bd. of Town of Colonie,* 200 AD2d 934).

The conflicts in the testimony regarding whether the petitioner received "progressive discipline" in accordance with the respondents' policy raised a credibility issue for the Hearing Officer's resolution (*see Matter of Lawrence v Edwards,* 261 AD2d 404), which this Court cannot pass upon (*see Matter of Berenhaus v Ward,* 70 NY2d 436, 443; *Matter of Mack Markowitz Oldsmobile v State Div. of Human Rights,* 271 AD2d 690; *Matter of Siano v Dolce,* 256 AD2d 582). In any event, the petitioner had notice that the conduct underlying the instant charges would subject her to discipline, since similar charges had been brought against her in the past (*see Cicero v Triborough Bridge & Tunnel Auth., supra* at 335-336).

The penalty of dismissal from employment was not so disproportionate to the misconduct as to shock one's sense of fairness (*see Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *Matter of Thomas v City of Mount Vernon Dept. of Pub. Safety,* 267 AD2d 241, 242).

The petitioner's remaining contentions are without merit. Florio, J.P., O'Brien, Adams and Crane, JJ., concur.