■ In the Matter of ANNMARIE CONSIDINE, Petitioner, v JEANNINE PIRRO et al., Respondents. [832 NYS2d 620]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated May 2, 2005, which, after a hearing, terminated the petitioner's employment.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner, Annmarie Considine, had been employed as a word processing office assistant by the District Attorney, Westchester County (hereinafter the County), for eight years, and worked in its Mount Vernon office since the end of 2002. On July 19, 2004 she was served with a notice of discipline charging her with two specifications of misconduct and incompetence by the County. Specification 1 alleged misconduct based on Considine's excessive absenteeism since February 1, 2003. Specification 2 alleged that Considine abandoned her job on or about April 19, 2004, by failing to report to work after the conclusion of her four-month leave of absence. Considine claimed that she was physically unable to work because of several operations she had to relieve carpal tunnel syndrome. A hearing was held. Considine failed to demonstrate any efforts to avail herself of any rights she may have had pursuant to Civil Service Law §§ 71, 72, and 73. Moreover, she failed to show any authorization for her absences after April 19, 2004. After the hearing, the charges were sustained, and Considine's employment was terminated.

After a Civil Service Law § 75 hearing, a municipal employee may be terminated for incompetence and misconduct due to excessive absences caused by physical incapacity (*see Cicero v Triborough Bridge & Tunnel Auth.*, 264 AD2d 334, 336 [1999]; *Matter of Garayua v Board of Educ. of Yonkers City School Dist.*, 248 AD2d 714 [1998]). Considine's contention that Civil Service Law § 72 barred this proceeding because her absenteeism was caused by her physical incapacity is without merit. Civil Service Law § 72 requires a finding that the employee is medically incapable to perform his or her job functions. Once such a find-

ing of unfitness has been made, the employee is given a leave of absence. In order for Civil Service Law § 72 to apply, Considine would be required to demonstrate that she was physically or mentally incapable of performing her duties after a medical examination. Since there was no such finding of unfitness, the statute is not applicable (*see Matter of Abdalla v Fulton County*, 208 AD2d 1168 [1994]). Rather, the issue was "whether [the employee's] unreliability and its disruptive and burdensome effect on the employer rendered [the employee] incompetent to continue his [or her] employment" (*Matter of Romano v Town Bd. of Town of Colonie*, 200 AD2d 934 [1994]; *see also Matter of McKinnon v Board of Educ. of N. Bellmore Union Free School Dist.*, 273 AD2d 240, 241 [2000]). Therefore, the Civil Service Law § 75 hearing was the proper means to adjudicate the incompetency charges based on Considine's excessive absences.

The findings were supported by substantial evidence (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230 [1974]). It is undisputed that Considine never returned to work after her leave of absence ended on April 18, 2004 and never requested any extension of the leave of absence. She also never communicated directly with the County to inform her supervisor as to when she would return. Additionally, she reported to work a total of only 50 days between February 1, 2003 to July 19, 2004, which equaled an 85% absentee rate for that period.

The penalty of dismissal was not so disproportionate to the offense as to be shocking to one's sense of fairness (*id.* at 233).

Considine's remaining contention is without merit. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.