In the Matter of MARY W. WALLIS, Petitioner, v SANDY CREEK CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, Respondent. [914 NYS2d 806]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Oswego County [Norman W. Seiter, Jr., J.], entered October 28, 2009) to review a determination of respondent. The determination discharged petitioner from her position as a bus driver.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to annul the determination terminating her employment as a bus driver for respondent school district following a hearing pursuant to Civil Service Law § 75. We conclude that the determination is supported by substantial evidence, i.e., "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or [an] ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]; *see* CPLR 7803 [4]). We reject the contention of petitioner that the determination must be annulled because all of her absences were for legitimate reasons, including a period of time during which she was absent due to a work-related injury. Petitioner was charged pursuant to Civil Service Law § 75 with incompetency or misconduct based on excessive absenteeism, and thus respondent was entitled to

terminate her on those grounds even in the event that her "excessive absences [were] caused by physical incapacity" (*Matter of Considine v Pirro*, 38 AD3d 773, 774 [2007]). It therefore is irrelevant whether she had legitimate reasons for missing work (*see Cicero v Triborough Bridge & Tunnel Auth.*, 264 AD2d 334, 336 [1999], *lv dismissed* 94 NY2d 931 [2000]; *Matter of Gradel v Lilholt*, 257 AD2d 972 [1999]; *see also Considine*, 38 AD3d at 774-775). The issue with respect to the charge against petitioner under Civil Service Law § 75 is whether her excessive absences "and [their] disruptive and burdensome effect on the employer rendered [her] incompetent to continue [her] employment" (*Matter of Romano v Town Bd. of Town of Colonie*, 200 AD2d 934, 934 [1994], *appeal dismissed* 83 NY2d 963 [1994]; *see Considine*, 38 AD3d at 775; *Cicero*, 264 AD2d at 336). Here, there is substantial evidence in the record establishing that petitioner was insubordinate and that her absences had a disruptive and burdensome effect on respondent. Petitioner received several warnings about her excessive absenteeism, yet she had an absentee rate of over 60% for a period of approximately 1½ years. There was also testimony presented at the hearing that it was difficult for respondent to secure substitute drivers to cover for petitioner when she was absent.

Finally, we conclude under the circumstances of this case that the penalty of termination of employment is not " 'so disproportionate to the offense as to be shocking to one's sense of fairness' " and thus does not constitute an abuse of discretion as a matter of law (*Matter of Kelly v Safir*, 96 NY2d 32, 38 [2001], *rearg denied* 96 NY2d 854 [2001]; *see Cicero*, 264 AD2d at 336). Present—Centra, J.P., Peradotto, Carni and Sconiers, JJ.