■ JOSEPH RICKETTS, Petitioner, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [931 NYS2d 58]—

Substantial evidence, including the parties' stipulation and the testimony of petitioner's supervisor, supports HHC's deter-

mination that petitioner engaged in misconduct consisting of excessive absences, absence without official leave (AWOL), and failure to follow HHC's call-in policy (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]).

We decline to review petitioner's argument that the determination violated the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [1] [a]), since he never raised it before the Administrative Law Judge (ALJ) (*see Matter of Colton v Riccobono*, 67 NY2d 571, 575 [1986]). Were we to review it, we would reject it. The determination did not violate the New York City Human Rights Law, the New York State Human Rights Law (Executive Law § 296 [1] [a]; [3] [a]), the Americans with Disabilities Act (42 USC § 12112 [a]), or HHC's own policies. The ALJ did not credit petitioner's uncorroborated testimony that his alleged misconduct was due to his disability—namely, diabetes. The ALJ found that the medical note petitioner submitted did not support his claim. The ALJ also found that, before his absences, petitioner never requested or proposed a reasonable accommodation for his disability (*see Pimentel v Citibank, N.A.*, 29 AD3d 141, 148 [2006], *lv denied* 7 NY3d 707 [2006]). There is no basis for disturbing the ALJ's findings and credibility determinations (*see Berenhaus*, 70 NY2d at 443; *cf. Matter of McEniry v Landi*, 84 NY2d 554 [1994]).

Because petitioner was terminated based on "misconduct shown after a hearing upon stated charges" (Civil Service Law § 75 [1]), the determination did not violate Civil Service Law § 75. Disciplinary sanctions may be imposed pursuant to the statute even if petitioner's acts of misconduct were not shown to be willful or intentional (*see Matter of Brockman v Skidmore*, 39 NY2d 1045, 1046 [1976]; *Matter of Moorehead v New York City Tr. Auth.*, 190 AD2d 674, 675 [1993]).

The determination did not violate the notice requirement of the Family and Medical Leave Act (FMLA) (29 USC § 2619 [a]). The ALJ did not credit petitioner's uncorroborated testimony that HHC failed to post a notice mandated by the FMLA, and there is no basis for disturbing that credibility determination (*Berenhaus*, 70 NY2d at 443).

The ALJ properly considered petitioner's prior disciplinary record only in the penalty phase of the proceeding (*see Matter of Marcondes v Ward*, 172 AD2d 318, 319 [1991]). The parties' November 2007 stipulation, which resolved prior disciplinary proceedings against petitioner, was properly admitted to impeach petitioner's testimony. The stipulation provided that it would be admissible in subsequent disciplinary proceedings involving AWOL charges, and petitioner is charged with notice

of its attachments. The stipulation also provided that where, as here, petitioner is charged with misconduct involving being AWOL and the charges are sustained, the only penalty that can be imposed is termination.

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.