Determination of respondent New York City Health and Hospitals Corporation (HHC), dated January 28, 2010, terminating petitioner’s employment, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Cynthia S. Kern, J.], entered Sept. 17, 2010), dismissed, without costs.
Substantial evidence supports HHC’s determination that petitioner engaged in misconduct consisting of insubordination by refusing orders to engage in training for a new position after being reassigned to the hospital’s chemistry department, and subsequent absence without leave for more than 11 months (see Ricketts v New York City Health & Hosps. Corp., 88 AD3d 593 [1st Dept 2011]). The evidence established that HHC’s requirement that petitioner participate in processing training was not in excess of its authority and the new assignment did not pose a risk to patient health and safety. Petitioner failed to show that any exceptions to the rule of “work now, grieve later” apply *437 (Matter of Ferreri v New York State Thruway Auth., 62 NY2d 855, 856-857 [1984]).
The penalty of termination is not so disproportionate to petitioner’s offense as to shock our sense of fairness (see Matter of Pryce v New York City Hous. Auth., 69 AD3d 497 [1st Dept 2010]; Matter of Strokes v City of Albany, 101 AD2d 944, 945 [3d Dept 1984]). Concur — Tom, J.E, Friedman, Renwick, Feinman and Clark, JJ.