Proceeding pursuant to CPLR article 78 to review a determination of the respondent Michael D. Israel dated January 27, 2014, which adopted the recommendation of a hearing officer, made after a hearing pursuant to Civil Service Law article 75, finding the petitioner guilty of misconduct and/or incompetence, and terminated her employment as a surgical physician assistant.
*1043 Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
“Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record” (Matter of Grimaldi v Gough, 114 AD3d 679, 680 [2014]; see CPLR 7803 [4]; Matter of Guidarelli v Israel, 105 AD3d 739, 740 [2013]; Matter of Paul v Israel, 90 AD3d 666 [2011]). Contrary to the petitioner’s contention, the determination that she was guilty of misconduct and/or incompetence due to her absences without prior authorization from August 16, 2011, through October 28, 2011, and her failure to notify her department of those unscheduled absences, was supported by substantial evidence (see Matter of Tanvir v New York City Health & Hosps. Corp., 112 AD3d 436 [2013]; Matter of Guerasio v New York State Unified Ct. Sys., 111 AD3d 456 [2013]; Ricketts v New York City Health & Hosps. Corp., 88 AD3d 593 [2011]; Matter of Considine v Pirro, 38 AD3d 773 [2007]; Matter of Truss v Westchester County Health Care Corp., 301 AD2d 607 [2003]).
Moreover, under the circumstances presented, the penalty of termination of the petitioner’s employment was not so disproportionate to the offense committed as to be shocking to one’s sense of fairness (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]; Matter of Grimaldi v Gough, 114 AD3d at 680; Matter of Tanvir v New York City Health & Hosps. Corp., 112 AD3d at 437; Matter of Guidarelli v Israel, 105 AD3d at 740; Matter of Overton v Board of Educ. of the Yonkers City School Dist., 72 AD3d 1094, 1095 [2010]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.