Matter of Scott v Westchester County (2022 NY Slip Op 02418)

Matter of Scott v Westchester County

2022 NY Slip Op 02418

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.

2019-12547
 (Index No. 59484/19)

[*1]In the Matter of Tracy Scott, petitioner,
v
Westchester County, et al., respondents.

Charny & Wheeler P.C., Rhinebeck, NY (Nathaniel K. Charny of counsel), for petitioner.
John M. Nonna, County Attorney, White Plains, NY (David H. Chen of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Westchester County Department of Environmental Facilities dated February 28, 2019. The determination adopted the findings of a hearing officer dated January 4, 2019, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of incompetence and misconduct, and terminated the petitioner's employment as an administrative assistant.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the Westchester County Department of Environmental Facilities (hereinafter the DEF) as an administrative assistant. In September 2018, the DEF commenced a disciplinary proceeding against the petitioner pursuant to Civil Service Law § 75, charging her with incompetence and misconduct. The DEF alleged that the petitioner's absences from work and latenesses were excessive and taken without prior authorization or sufficient leave balances. A hearing was held at which only the DEF offered evidence. In a report and recommendation dated January 4, 2019, the hearing officer found the petitioner guilty of incompetence and misconduct as charged and recommended that the petitioner's employment be terminated. On February 28, 2019, the DEF adopted the findings of the hearing officer and terminated the petitioner's employment. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the DEF's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
"In employee disciplinary cases, judicial review of factual findings made after a hearing pursuant to Civil Service Law § 75 is limited to consideration of whether that determination was supported by substantial evidence" (Matter of Cupo v Uniondale Fire Dist., 181 AD3d 594, 595; see CPLR 7803[4]). "Substantial evidence has been defined as such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Matter of Berenhaus v Ward, 70 NY2d 436, 443 [internal quotation marks omitted]). "A reviewing court 'may not weigh the evidence or reject the choice made by [the administrative agency] where the evidence is conflicting and room for choice exists'" (Matter of Morales-Reyes v Westchester County Dept. of Social Servs., [*2]81 AD3d 831, 831, quoting Matter of Berenhaus v Ward, 70 NY2d at 444).
"After a Civil Service Law § 75 hearing, a municipal employee may be terminated for incompetence and misconduct due to excessive absences caused by physical incapacity" (Matter of Considine v Pirro, 38 AD3d 773, 774). "The fact that petitioner may have had a 'valid' reason for each one of the individual absences is irrelevant to the ultimate issue of whether his [or her] unreliability and its disruptive and burdensome effect on the employer rendered him [or her] incompetent to continue his [or her] employment" (Matter of Romano v Town Bd. of Town of Colonie, 200 AD2d 934, 934; see Matter of Considine v Pirro, 38 AD3d at 774; Cicero v Triborough Bridge & Tunnel Auth, 264 AD2d 334, 336).
Here, substantial evidence in the record supports the determination that the petitioner was guilty of incompetence and misconduct as charged (see Matter of Considine v Pirro, 38 AD3d at 774-775; Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d at 335-336; Matter of Romano v Town Bd. of Town of Colonie, 200 AD2d at 934). The record demonstrates that the petitioner was absent for weeks or even months at a time, and that these absences, coupled with the petitioner's failure to give more than a few hours of advance notice for any of these absences, was disruptive and burdensome in that the petitioner's supervisor was forced to perform the petitioner's work in addition to her own. The petitioner had adequate notice that her absences could result in her dismissal (see Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d at 335-336). Contrary to the petitioner's contention, the retroactive authorization she received for some of these absences is "irrelevant to the ultimate issue" here (id. at 336 [internal quotation marks omitted]). Moreover, there is no evidence in the record to support the petitioner's contention that the instant charges represent the second time she was disciplined for the same misconduct (see Matter of Yerry v Ulster County, 128 AD2d 941, 941).
Contrary to the petitioner's further contention, on the record before us, the penalty of termination is not "'so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (Matter of Waldren v Town of Islip, 6 NY3d 735, 736, quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237; see Matter of Considine v Pirro, 38 AD3d at 774-775; Cicero v Triborough Bridge & Tunnel Auth., 264 AD2d at 335-336).
In reaching our determination we have not considered material submitted or references in the parties' briefs to matter dehors the administrative record (see Matter of Nichols v New York State Cent. Register of Child Abuse & Maltreatment, 137 AD3d 790, 791).
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court