■ In the Matter of CHARLOTTE CROMAN, Appellant, v CITY UNIVERSITY OF NEW YORK, Respondent. [716 NYS2d 651] —Order, Supreme Court, New York County (Louis York, J.), entered March 17, 2000, which denied petitioner tenured professor's application to vacate an arbitration award suspending her employment with respondent City University without pay for one-half year, and granted respondent's cross motion to confirm the award, unanimously affirmed, without costs.

Absent clear language in Education Law § 6212 (9) prohibiting arbitration of disciplinary matters involving tenured faculty, we reject petitioner's argument that, since that section vests the power to remove tenured faculty solely in respondent's Board of Trustees, public policy is violated by a collective bargaining agreement delegating the authority to discipline to an arbitrator at the employee's option. "It is well settled that a contract provision in a collective bargaining agreement may modify, supplement, or replace the more traditional forms of protection afforded public employees." (*Dye v New York City Tr. Auth.*, 88 AD2d 899, *affd* 57 NY2d 917.) Here, the collective bargaining agreement that governed petitioner's employment gave her the option to either accept the penalty recommended by respondent's designee or take the matter to arbitration. Petitioner elected arbitration. Public policy does not nullify the choice she made (*cf., Matter of Abramovich v Board of Educ.*, 46 NY2d 450, *cert denied* 444 US 845). Concur—Williams, J. P., Tom, Mazzarelli, Rubin and Saxe, JJ.