■ In the Matter of BIBIANO ROSA, Appellant, v CITY UNIVERSITY OF NEW YORK et al., Respondents. [789 NYS2d 4]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered January 9, 2004, which denied petitioner professor's application challenging the legality of a disciplinary arbitration conducted pursuant to a collective bargaining agreement between his union and respondent university, unanimously affirmed, without costs.

Petitioner, an attorney who was employed by respondent as a teacher of business law and business ethics, was discharged by respondent after he was convicted of stealing money from a client. Pursuant to the collective bargaining agreement, petitioner appealed the discharge to an arbitrator, who affirmed the discharge upon finding, inter alia, that petitioner's assertion that his criminal activity had "nothing to do" with his teaching responsibilities "was itself an indication of his lack of recognition of the significance of overall integrity in his teaching and mentoring of students." Although characterized by petitioner as a CPLR article 78 proceeding, the instant proceeding, which seeks petitioner's reinstatement and would, if successful, effectively nullify the arbitrator's decision, is actually in the nature of a CPLR article 75 proceeding seeking to vacate an arbitration award (*see Matter of Dye v New York City Tr. Auth.*, 57 NY2d 917 [1982]). So considered, the proceeding, which was brought more than 90 days after receipt of the award, must be dismissed as untimely (CPLR 7511 [a]; *see Matter of Rodriguez v New York City Tr. Auth.*, 280 AD2d 272 [2001]). In any event,

the collective bargaining agreement is not violative of due process insofar as it provides that an employee convicted of a felony can be suspended with pay for 60 days, after which, in the event there has been no resolution of the disciplinary charges, the suspension is without pay (*see Gilbert v Homar,* 520 US 924 [1997]); *Federal Deposit Ins. Corp. v Mallen,* 486 US 230, 240 [1988]). Nor does the collective bargaining agreement violate public policy by delegating tenure decisions to an arbitrator (*see Matter of Croman v City Univ.,* 277 AD2d 185 [2000]), or by discriminating against felons in violation of Correction Law § 752 (1) and § 753, which statutes expressly permit employment discrimination against felons where, as here, there is a direct relationship between the criminal offense and the specific employment. Concur—Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.