■ In the Matter of ASSOCIATION OF SURROGATES AND SUPREME COURT REPORTERS WITHIN THE CITY OF NEW YORK, et al., Petitioners, v STATE OF NEW YORK UNIFIED COURT SYSTEM, Respondent. [851 NYS2d 170]—

Determination of respondent State of New York Unified Court System, dated July 6, 2006, which, after a hearing, found the individual petitioner guilty of certain disciplinary charges and terminated her employment as a senior court reporter, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Sheila Abdus-Salaam, J.], entered January 2, 2007) dismissed, without costs.

Substantial evidence supports the hearing officer's determination that petitioner committed the specified acts of misconduct, i.e., chronic lateness and an off-duty act of misconduct involving identity theft, which resulted in a criminal conviction in New Jersey. Contrary to petitioner's contention that Correction Law §§ 752 and 753 prohibit respondent from taking adverse employment action against her based on the conviction, the statutes permit such action where "there is a direct relationship between the criminal offense and the specific employment" (*Matter of Rosa v City Univ. of N.Y.*, 13 AD3d 162, 163 [2004], *lv denied* 5 NY3d 705 [2005]). The hearing officer rationally determined that there is a direct relationship between petitioner's criminal offense, which involved identity theft and credit card fraud, and her employment, in which, as an officer of the court (Judiciary Law § 290), she was charged with producing a true, accurate and complete record of court proceedings (*see generally Matter of Arrocha v Board of Educ. of City of N.Y.*, 93 NY2d 361, 367 [1999]).

Substantial evidence also supports the hearing officer's findings that petitioner's supervisor repeatedly counseled her concerning her excessive lateness and that such lateness was disruptive to the operation of the court.

Under the circumstances, the penalty imposed is not so disproportionate to the proven offenses as to shock our sense of

fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.