Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 23, 2012, which granted defendant’s motion to dismiss the complaint alleging wrongful termination, pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs.
Defendant Consolidated Edison Company of New York, Inc. terminated plaintiff from his position as a “project specialist” based on a conviction, and a subsequent arrest, for driving while intoxicated, unrelated to his job duties. Elaintiff alleges that his termination violated Correction Law article 23-A (Correction Law §§ 750-755), which prohibits “unfair discrimination” in the employment of persons “previously convicted of one or more criminal offenses” (see Correction Law § 752). He contends that Correction Law § 752 protects current employees against adverse actions by employers based on convictions and arrests incurred while they are employed with the employers.
However, Correction Law § 751 specifically states that “[t]he provisions of this article shall apply ... to any . . . employment held by any person whose conviction of one or more criminal offenses . . . preceded such employment” (emphasis added; see also L 2007, ch 284; Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 284). Because plaintiffs conviction, and an additional subsequent arrest, occurred when he was already employed by Consolidated Edison, they do not provide a basis for a claim under Correction Law article 23-A.
Elaintiff s reliance on Matter of Association of Surrogates & Supreme Ct. Reporters Within City of N.Y. v State of N.Y. Unified Ct. Sys. (48 AD3d 228 [1st Dept 2008]) is unavailing, as the issue of whether Correction Law article 23-A protects employees from adverse actions based on convictions and arrests incurred during employment was neither briefed nor presented to this Court for adjudication in that case (see Wellbilt Equip. Corp. v Fireman, 275 AD2d 162, 168 [1st Dept 2000]).
Concur—Tom, J.E, Sweeny, Saxe, Román and Feinman, JJ.