■ In the Matter of DEREK GUERASIO, Petitioner, v NEW YORK STATE UNIFIED COURT SYSTEM, Respondent. [974 NYS2d 424]— Determination of respondent, dated March 6, 2012, which, inter alia, concurred in the Hearing Officer's findings that petitioner engaged in misconduct by failing to report for his scheduled work assignment on 197 days between December 7, 2009, and February 14, 2011, and in the Hearing Officer's recommendation that petitioner be terminated from his position as a Senior Court Officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, NY County [Cynthia S. Kern, J.], entered September 14, 2012), dismissed, without costs.

Substantial evidence supports the determination that petitioner engaged in misconduct by missing 197 days of work between December 7, 2009, and February 28, 2011, and that petitioner's absences were not caused by his psychological disorders (*see Matter of Association of Surrogates & Supreme Ct. Reporters Within City of N.Y. v State of N.Y. Unified Ct. Sys.*, 48 AD3d 228 [1st Dept 2008]; *Matter of Garayua v Board of Educ. of Yonkers City School Dist.*, 248 AD2d 714 [2d Dept 1998]).

The penalty of termination does not shock our sense of fairness (*see e.g. Matter of Dickinson v New York State Unified Ct. Sys.*, 99 AD3d 569 [1st Dept 2012]; *Matter of Truss v Westchester County Health Care Corp.*, 301 AD2d 607 [2d Dept 2003]). Concur—Andrias, J.P., Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.