Determination of respondent New York State Office of Children and Family Services, dated July 11, 2012, which affirmed the denial of petitioner’s application for a group family day care license, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Joan B. Lobis, J.], entered February 6, 2013), dismissed, without costs.
*493 The determination to deny petitioner’s application for a group family day care license is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-181 [1978]). The record shows that the agency considered each of the factors enumerated in article 23-A of the Correction Law (see Matter of Arrocha v Board of Educ. of City of N.Y., 93 NY2d 361, 364 [1999]; Matter of Boatman v New York State Dept. of Educ., 72 AD3d 1467 [3d Dept 2010]), and rationally concluded that petitioner’s recent federal conviction for conspiracy to commit bank and wire fraud, in connection with which crime she admitted to falsely verifying the employment of applicants for mortgages, in a scheme to defraud banks, bears a “direct relationship” to the duties and responsibilities of a group family day care provider, including accurate record keeping (see Correction Law §§ 752, 753; Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 98 NY2d 758, 761-762 [2002]; Matter of Association of Surrogates & Supreme Ct. Reporters Within City of N.Y. v State of N.Y. Unified Ct. Sys., 48 AD3d 228 [1st Dept 2008]).
The agency properly considered the certificate of relief from disabilities issued to petitioner, which certificate only creates a presumption of rehabilitation {see Correction Law § 753 [2]; Matter of Dempsey v New York City Dept. of Educ., 108 AD3d 454, 455 [1st Dept 2013]). This presumption is but one of the eight statutory factors enumerated in Correction Law § 753, and the fact that the agency “gave greater weight to the statutory factors adversely affected by the fact and circumstances of [petitioner’s] conviction . . . [does] not afford a basis ... to conclude that factors favorable to petitioner were not considered” and this Court may not re-weigh the factors (Arrocha at 366-367).
We have considered petitioner’s remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.