■ In the Matter of EVELYN GREEN, Appellant, v MANHATTAN COMMUNITY BOARD 10 et al., Respondents. [12 NYS3d 63]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 18, 2013, which denied the petition seeking to vacate an arbitration award, dated June 14, 2012, which upheld an administrative determination made after a hearing conducted pursuant to a collective bargaining agreement between petitioner's union and respondent New York City, terminating petitioner from her position as a Community Associate at Community Board 10, and confirmed the arbitration award, unanimously affirmed, without costs.

Supreme Court properly held this special proceeding, commenced pursuant to CPLR article 78, is in the nature of a CPLR article 75 proceeding challenging the award rendered by the arbitrator pursuant to the grievance procedures set forth in the collective bargaining agreement with petitioner's union (see Matter of Rosa v City Univ. of N.Y., 13 AD3d 162 [1st Dept 2004], lv denied 5 NY3d 705 [2005]; Matter of Rodriguez v New York City Tr. Auth., 280 AD2d 272 [1st Dept 2001]). As so considered, the court properly dismissed the petition, filed November 20, 2012, on the ground that it was untimely filed pursuant to the applicable 90-day statute of limitations (see CPLR 7511 [a]), based on petitioner's admission that she received formal notice of the arbitration award on July 6, 2012. Petitioner's pro se status is not a basis to reach the merits of her claim. Because the proceeding is time-barred, we do not have discretion to hear it (see Matter of Henry v New York City Hous. Auth., 122 AD3d 448 [1st Dept 2014]). Concur—Tom, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.