# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**392**
**CA 16-01307**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF DAVID KUBIAK,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

DANIEL DERENDA, CHIEF OF POLICE, CITY OF
BUFFALO POLICE DEPARTMENT, AND CITY OF
BUFFALO, RESPONDENTS-RESPONDENTS.

---

JASON R. DIPASQUALE, BUFFALO, FOR PETITIONER-APPELLANT.

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CINDY T. COOPER OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 27, 2015.  The order, inter alia, denied the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Respondents discharged petitioner, a Buffalo police officer, before petitioner's 18-month probationary period expired.  Petitioner sought arbitration of his discharge and, after the arbitrator upheld the discharge, he commenced this CPLR article 78 proceeding.  He contended that respondents' decision to terminate his employment "was arbitrary, capricious and done in bad faith," and that the arbitration award "goes against the substantial weight of the evidence and lacks a sound and substantial basis."  Petitioner appeals from an order in which Supreme Court converted the proceeding to one pursuant to CPLR article 75, confirmed the award, and denied the petition.

We reject petitioner's contention that the court erred in converting the proceeding to one pursuant to CPLR article 75.  "Although characterized by petitioner as [a proceeding pursuant to CPLR] article 78, the instant proceeding, which seeks petitioner's reinstatement and would, if successful, effectively nullify the arbitrator's decision, is actually in the nature of a CPLR article 75 proceeding seeking to vacate an arbitration award" (*Matter of Rosa v City Univ. of N.Y.*, 13 AD3d 162, 162).  "It is well established that the exclusive method for review of an arbitration award which is the result of a voluntary contractual arbitration procedure is contained in CPLR article 75" (*Farino v State of New York*, 55 AD2d 843, 843; *see*

*Matter of Rodriguez v New York City Tr. Auth.*, 269 AD2d 600, 600, *lv denied* 96 NY2d 704).  In other words, an arbitrator's award cannot be challenged on the merits through review under article 78 (*see Matter of Dye v New York City Tr. Auth.*, 57 NY2d 917, 920).  Consequently, the court properly concluded that petitioner sought to vacate the arbitration award and converted the proceeding to one pursuant to CPLR article 75.

In any event, even assuming, arguendo, that the matter was properly commenced pursuant to CPLR article 78 (*see Matter of Schroeder v New York State Ins. Fund*, 24 AD3d 247, 248), we conclude that the court properly dismissed the proceeding without a hearing.  "Petitioner's grounds for annulling the Police Department's termination are without merit.  He was a probationary police officer at the time of his dismissal.  While in that status, he 'may be dismissed for almost any reason, or for no reason at all' . . . As a probationary employee, petitioner had no right to challenge the termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason . . . Petitioner failed to demonstrate either" (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763; *see Matter of Fiore v Town of Whitestown*, 125 AD3d 1527, 1531, *lv denied* 25 NY3d 910).

Entered:  May 5, 2017                     Frances E. Cafarell
                                          Clerk of the Court